Florestella Villarreal LOPEZ,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–98–179–CR.

Court of Appeals of Texas,
Corpus Christi.

June 3, 1999.

Ciro Javier Nava, Attorney at Law, Edinburg, Richard B. Gould, Attorney at Law, McAllen, for Appellant.

Theodore C. Hake, Asst. Criminal District Attorney, Rene Guerra, District & County Attorney, Edinburg, for State.

Before Chief Justice SEERDEN, Justices YAÑEZ and CHAVEZ.

## OPINION

CHAVEZ, Justice.

Appellant was convicted on her plea of guilty to two counts of theft. The trial court deferred adjudication, placed appellant on probation for ten years, assessed a fine, and ordered restitution. Whether there was a plea agreement, and whether the trial court's judgment conformed to that agreement, are matters of some controversy. Appellant contends that the trial court erred in not inquiring into the existence of a plea agreement and, if there was a plea agreement, the trial court erred in not permitting appellant to withdraw her plea because the order reflects that the trial court did not follow the plea agreement. We hold that a plea agreement did exist, and that the trial judge erred in not permitting appellant to withdraw her plea before entering judgment. Consequently, we reverse and remand.

■ Appellant was accused of taking for her private benefit $173,377.33 in checks that her employer had authorized her to write for business expenses.

At the plea hearing, after the court determined that appellant was represented by counsel, appellant acknowledged to the

court that she had signed the plea papers exhibited to her in open court after having them explained to her by her counsel. One of the admonishments in the plea papers states:

PLEA BARGAIN:

If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court.

If a. plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be entitled to withdraw your plea.

At the end of the plea papers is the "Defendant's Statement," which states:

I, FLORESTELLA VILLARREAL LOPEZ, Defendant in the above numbered and styled cause, have had the foregoing admonitions explained to me by my attorney, and I understand them and am aware of the consequences of my plea.

The "Defendant's Statement" is signed by appellant and her attorney.

Although the trial judge never specifically asked Ms. Lopez if she had entered into a plea bargain with the State, she did inform Ms. Lopez that "[t]he State will make a recommendation with your attorney" as to punishment, and that if she did not accept the recommendation, she would allow Ms. Lopez to withdraw her plea. She also informed appellant that she could only appeal matters previously raised by written motion, or subsequent matters with her consent. Appellant's notice of appeal states that the trial court gave her permission to appeal, and the trial court's permission is included in the record.

Article 26.13(a)(2) of the Texas Code of Criminal Procedure requires the court, prior to accepting an accused's plea, to inquire as to the existence of any plea bargain agreement between the State and the accused, and if such an agreement exists, the court is required to inform the accused if the court will follow or reject the agreement. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 1989). The court must also inform the accused that if the agreement is rejected, the court will allow the accused to withdraw the guilty plea. *Id.* The required admonishments may be given to the accused either orally or in writing. TEX.CODE CRIM. PROC.ANN. art. 26.13(d) (Vernon 1989). Even if the court errs in making the required admonishments, substantial compliance is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989).

Here, the record shows that appellant was given the plea admonishments in writing. The State's attorney told the trial judge that the plea agreement was for adjudication to be deferred, appellant be placed on community supervision for ten years, and for appellant to make restitution payments of $500 per month. He further explained:

... the reason we're going with the deferred is because at $500 a month, most of the restitution, if it goes all the way up to ten years will not—half of it will not get paid.[1] So after the ten years deferred, at that time, we'll modify to probation and add an additional ten years and that's the only money that she can come up with.

After this explanation, the trial judge stated orally that she was "going to take this plea very reluctantly." She then told the appellant "I'm going to give you ten years deferred adjudication. You are ordered to make restitution in the amount of $173,-377.73 and all costs." The written order deferring adjudication specifies that appellant must "pay restitution in the amount of $173,377.73, payable at the rate of $1460.00 per month."

---

1. Payments of $500 per month made for ten years would result in total payments of $60,-000.

Based on these facts, it is apparent that the trial judge was aware of the plea agreement, and therefore we overrule appellant's first two points of error.

■ In her third point of error, appellant contends that the trial court erred in not allowing her to withdraw her guilty plea when it became apparent that the court would not follow the plea agreement. As the parties now acknowledge, the punishment described to the trial judge could not be legally implemented. The plea agreement was for appellant to first be on community supervision for ten years pursuant to deferred adjudication, and then for an additional ten years on "regular" community supervision. However, the maximum available period of community supervision in this case was ten years. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3(b) (Vernon Supp.1999).

Appellant contends that, because she bargained for monthly restitution payments of $500, but was ordered to make monthly payments of $1460, the trial judge did not follow the plea agreement and should have allowed her to withdraw her plea. We agree.

The State urges us to reform the trial court's order to reflect restitution payments of $500 per month, because the court had stated that it would accept the plea agreement. The State relies on *Ex parte Sims,* 868 S.W.2d 803, 804 (Tex. Crim.App.1994), which stated:

> When a defendant successfully challenges a conviction obtained through a negotiated plea of guilty, the appropriate remedy is specific performance of the plea agreement, if possible.

Specific performance of the plea agreement is not possible in this case, because it is not possible for appellant to be on community supervision for two consecutive ten year terms. Although the State is apparently content now to limit appellant's community supervision to the statutory maximum of ten years, so long as restitution is payed at the rate of $500 per month during those ten years, the record does not show that the trial judge ever agreed to accept the modified agreement now urged by the State. The trial judge, orally in open court and in her written order, indicated that restitution would total $173,377.73. While it might be inferred that the trial judge agreed to a payment rate of $500 per month, that agreement was based on the faulty premise that payments would be made over a twenty year period, not the ten year period now urged by the State.

We hold that the trial court erred in not permitting appellant to withdraw her plea.

■ We must next determine whether this error requires that the judgment be reversed. The right to withdraw a guilty plea derives from the constitutional right to trial by jury. *Fairfield v. State,* 610 S.W.2d 771, 776 (Tex.Crim.App.1981); *Abrego v. State,* 977 S.W.2d 835, 839 (Tex. App.—Fort Worth 1998, pet. ref'd). When an error in a criminal case is constitutional in nature, we must reverse the judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R.APP.P. 44.2(a). Here, it appears that the punishment assessed by the trial court was intended to effect the faulty plea agreement which is at the root of the error in this case. Under these circumstances, we are unable to determine beyond a reasonable doubt that the error made no contribution to the punishment.

The order of the trial court is reversed and we remand this case for a new trial.