NUMBER 13-99-134-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CARLA BINGHAM
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 319th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Carla Bingham, appellant, entered a plea of nolo contendere to the
offense of possession of cocaine. See Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.115(a) & (b) (Vernon Supp. 2000). The trial court
accepted her plea, deferred adjudication, and placed her on community
supervision for five years. By a single issue, appellant challenges the
voluntariness of her plea. We affirm. 

 Appellant was charged by indictment with unlawful possession
of cocaine. Appellant waived her right to trial by jury, and without the
benefit of a plea bargain agreement, entered a plea of nolo contendere
to the charge. At the plea hearing, the trial court noted that there was
a jury panel waiting. Appellant was advised of her rights by the trial
court and indicated she understood them and elected to waive them. 
Appellant stated she pleaded nolo contendere freely and voluntarily and
that no one promised her anything to enter into the plea. The trial judge
informed appellant that "[a]t any time you so choose, you could choose
to withdraw your plea and proceed to jury trial. You understand that?" 
Appellant responded affirmatively. After the trial court accepted
appellant's plea, the State introduced appellant's judicial confession and
stipulation of evidence without objection. 

 In her sole issue, appellant contends her plea was involuntary
because the trial judge misinformed her that she had a right to
withdraw her plea at any time and have a jury trial. 

 Article 26.13 of the Texas Code of Criminal Procedure lists the
admonishments a court must give a defendant upon entry of a guilty
plea. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp.
2000). When the record shows that the trial court gave an
admonishment, there is a prima facie showing of a knowing and
voluntary plea of guilty. See Ex parte Gibauitch, 688 S.W.2d 868, 878
(Tex. Crim. App. 1985); Garcia v. State, 960 S.W.2d 151, 154 (Tex.
App.--Corpus Christi 1997, no pet.). The burden then shifts to the
defendant to show she pleaded guilty without understanding the
consequences of her plea and, consequently, suffered harm. See
Medina v. State, 985 S.W.2d 192, 193 (Tex. App.--San Antonio 1998,
no pet.); see also Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon
1989). Even if the court errs in making the required admonishments,
substantial compliance is sufficient unless the defendant affirmatively
shows that she was not aware of the consequences of her plea and
that she was misled or harmed by the admonishment of the court. See
Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989); Lopez v. State,
996 S.W.2d 893, 894 (Tex. App.--Corpus Christi 1999, no pet.).

 A defendant may withdraw her guilty plea until judgment is
pronounced or the case is taken under advisement. See Jackson v.
State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Thus, the trial
court's statement that appellant could withdraw her plea at any time
was technically incorrect. Appellant asserts she labored under the
misunderstanding that she would retain the right to a jury trial, and
entered the plea accordingly. 

 During the plea hearing, defense counsel questioned appellant on
direct-examination as follows:

 Defense counsel: It was your decision this
morning to go ahead and enter this open plea. Is
that correct?


 Appellant: Yes, sir.


 Defense counsel: You and I talked about it and
what the options and what could happen and all
the other things that are associated with this
case here. Is that correct?


 Appellant: Yes, sir.


 Defense counsel: And you knew that we had a
jury available, and we could have gone to trial
today.

 

 Appellant: Yes, sir.

 Appellant did not ask to withdraw her plea at any point, and there
is no evidence that appellant believed she could do so. Appellant did
not file a motion for new trial alleging her plea was involuntary. 
Because appellant did not ask to withdraw her plea, and the trial court
did not deny such a request, no harm is shown. Cf. Hinkle v. State, 934
S.W.2d 146, 149 (Tex. App.--San Antonio 1996, pet. ref'd) (plea was
not involuntary where defendant had ample opportunity to withdraw
his own plea, but chose not to do so).

 This case is distinguishable from Rivera v. State, 952 S.W.2d 34,
35-36 (Tex. App.­San Antonio 1997, no pet.). In Rivera, the court of
appeals found a plea involuntary after defense counsel incorrectly told
the defendant that he had an automatic right to withdraw his plea prior
to sentencing. Significantly, the defendant in Rivera filed a motion to
withdraw his plea, which the trial court denied. The Rivera court
concluded the trial court abused its discretion in denying the motion to
withdraw only after reviewing substantial evidence developed in the
hearing on the motion that the defendant believed he could withdraw
his plea. 




 In this case, by contrast, appellant did not attempt to withdraw
her plea, and did not provide a record indicating her belief or reliance on
the judge's statement. Appellant has failed to demonstrate that she
"relied on the incorrect portion of the admonishment in choosing to
enter a plea of guilty." Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998). 

 Appellant also complains that the written admonishment did not
state that a defendant entering an open plea would not have a right to
withdraw her plea and proceed with a jury trial. The written
admonishment, however, tracks the language of article 26.13 of the
Texas Code of Criminal Procedure, and is therefore not erroneous. 

 Finally, appellant contends her plea was involuntary because,
according to appellant, although the trial judge asked her whether she
understood she had a right to jury trial and a right to give up all her
rights, the judge did not ask if she wished to give up those rights. The
record reveals the judge asked appellant whether she understood she
had a right to a jury trial, and she responded that she did understand. 
Thereafter, the court asked her whether she wished to waive the rights
discussed, and she stated, "Yes, I do." 

 We hold that appellant entered a voluntary plea of nolo
contendere. Appellant's 


sole issue is overruled and the judgment of the trial court is AFFIRMED. 
 


 NELDA V. RODRIGUEZ

 Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the 1st day of June, 2000.