In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00213-CR**
**NO. 09-13-00214-CR**
**NO. 09-13-00215-CR**

_____

**TIMOTHY DEMARCUS FLOWERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-13273, 12-13274, 12-13275**

**MEMORANDUM OPINION**

Appellant Timothy Demarcus Flowers appeals his convictions for three charges of violating a protective order. We affirm the trial court's judgments of conviction.

BACKGROUND

Pursuant to plea bargain agreements, Flowers pleaded "no contest" to three charges of violating a protective order and pleaded "true" to the enhancement

allegations alleged in the indictment. In each case, the trial court found the evidence sufficient to find Flowers guilty, but deferred further proceedings and placed Flowers on community supervision for ten years. In each case, the State subsequently filed a motion to revoke Flowers's unadjudicated community supervision, and Flowers pleaded "true" to two violations of the conditions of his community supervision.

In all three cases, the trial court found that Flowers violated the conditions of his community supervision, found Flowers guilty of violation of a protective order, and assessed punishment at ten years of confinement. In trial cause number 12-13274, the trial court ordered that Flowers's sentence would run consecutively to his sentence in trial cause number 12-13273, and in trial cause number 12-13275, the trial court ordered that Flowers's sentence would run consecutively to his sentence in trial cause number 12-13274.

## ISSUES

In trial cause number 12-13273, Flowers raises two issues challenging the trial court's failure to follow the plea bargain agreement upon revocation and failure to permit Flowers to withdraw his plea of "no contest." In trial cause number 12-13274, Flowers raises one issue challenging the trial court's cumulation order. In trial cause number 12-13275, Flowers's counsel filed an *Anders* brief.

2

Trial Cause Number 12-13273

We first address Flowers's issues in trial cause number 12-13273. Flowers contends that a written plea bargain agreement provided that the trial court would place him on community supervision upon conviction. According to Flowers, because the trial court declined to follow the plea bargain agreement and sentenced Flowers to ten years of confinement, his sentence is invalid, and the trial court should have permitted Flowers to withdraw his plea of "no contest." Flowers cites *Zinn v. State*, 35 S.W.3d 283 (Tex. App.—Corpus Christi 2000, pet. ref'd), *Lopez v. State*, 996 S.W.2d 893 (Tex. App.—Corpus Christi 1999, no pet.), *Papillion v. State*, 908 S.W.2d 621 (Tex. App.—Beaumont 1995, no pet.), and Article 26.13(a)(2) of the Texas Code of Criminal Procedure in support of his argument. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West Supp. 2013). However, none of these authorities deals with the situation presented in this case, *i.e.*, a purported plea bargain agreement pertaining to sentencing upon revocation of deferred adjudication community supervision. *See Zinn*, 35 S.W.3d at 284-86; *Lopez*, 996 S.W.2d at 895; *Papillion*, 908 S.W.2d at 621-24; *see also* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2).

The Court of Criminal Appeals has explained that "in the context of revocation proceedings, the legislature has not authorized binding plea agreements,

has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to [article] 26.13, and has not provided for withdrawal of a plea after sentencing." *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003). "Even if the parties purport to have a plea bargain as to the sentence to be assessed after adjudication, the trial court is not bound by the rules that apply to plea bargains at an original sentencing; . . . 'once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits.'" *Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (quoting *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999)).

Flowers pleaded "true" to three prior offenses under section 25.07 of the Penal Code. The ten-year sentence imposed by the trial court was therefore within the range of punishment authorized by statute. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (The range of punishment for a third-degree felony is two to ten years of confinement and a fine not to exceed $10,000.); Act of May 25, 2007, 80th Leg., R.S., ch. 1113 §2, 2007 Tex. Gen. Laws 3758 (current version at Tex. Penal Code Ann. § 25.07(g)(1) (West Supp. 2013)) (Violation of a protective order is a third-degree felony if the defendant has been previously convicted two or more times of an offense under section 25.07.). The trial court was not obligated to follow the

purported plea-bargain agreement as to what Flowers's punishment would be upon revocation, nor was the trial court obligated to permit Flowers to withdraw his plea of "no contest." *See Ex parte Huskins*, 176 S.W.3d at 819; *Gutierrez*, 108 S.W.3d at 309-10. Accordingly, we overrule Flowers's issues and affirm the trial court's judgment of conviction in trial cause number 12-13273.

Trial Cause Number 12-13274

In trial cause number 12-13274, Flowers's sole appellate issue asserts that the trial court erred by ordering his sentence to be served consecutively to his sentence in cause number 12-13273 because his sentence in 12-13273 is invalid for the reasons already discussed above. As we explained in our discussion of trial cause number 12-13273, Flowers's sentence in cause number 12-13273 is not invalid because the trial court was not obligated to follow the purported plea-bargain agreement regarding Flowers's punishment upon revocation, nor was the trial court obligated to allow Flowers to withdraw his plea. *See Ex parte Huskins*, 176 S.W.3d at 819; *Gutierrez*, 108 S.W.3d at 309-10; *see also* Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2006) (When a defendant has been convicted in two or more cases, the trial court may order the sentences to run consecutively or concurrently.). Therefore, the trial court did not err by ordering that Flowers's sentence in cause number 12-13274 run consecutively to his sentence in cause

5

number 12-13273. We overrule Flowers's sole issue and affirm the trial court's judgment of conviction in trial cause number 12-13274.

Trial Cause Number 12-13275

As previously discussed, counsel filed a brief in trial cause number 12-13275 that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Flowers to file a *pro se* brief, but we received no response from Flowers. We have reviewed the appellate record in trial cause number 12-13275, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment of conviction in trial cause number 12-13275.[1]

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

---

[1]Flowers may challenge our decision in trial cause number 12-3275 by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

6

Submitted on December 16, 2013
Opinion Delivered January 8, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.