Hershel B. ZINN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–116–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 28, 2000.

**284**

Hector J. Villarreal, Edinburg, for appellant.

John A. Olson, Assistant County & District Attorney, Yolanda De Leon, District Attorney, Brownsville, for State.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from a conviction, following a plea bargain, of the charge of bribery. TEX.PENAL CODE ANN. § 36.02 (Vernon 1994).

On December 13, 1995, Herschel B. Zinn, appellant, and Norma Delia Warner were jointly indicted by the Grand Jury of Cameron County, Texas, for the offense of bribery. Specifically, they were charged with accepting $1,458.70 from James Williams for the purpose of securing the dismissal of a driving while intoxicated charge against Williams.

Zinn entered a plea of guilty pursuant to a plea bargain agreement on May 20, 1996.

As a part of this agreement, the State agreed to dismiss two other cases against Zinn. The State also agreed to remain silent during the punishment hearing in this case. Furthermore, the State agreed to dismiss all cases against Warner in exchange for Zinn's plea. The plea bargain agreement contained the statement that Zinn understood "that the Court is not bound to accept a plea agreement and if the Court rejects a plea agreement, I (Zinn) may withdraw my plea of guilty." The trial court accepted the plea, found Zinn guilty, and ordered a pre-sentence investigation.

The parties appeared before the trial court for sentencing on July 12, 1996. At that time, the trial court, after reviewing the pre-sentence investigation report and conducting a hearing, sentenced Zinn to eight years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Pursuant to the plea bargain agreement, the trial court dismissed the other two cases pending against Zinn. The court, however, refused to dismiss the cases against Warner. At this point, Zinn moved to withdraw his plea of guilty. The trial court inquired whether the State agreed to permit withdrawal. After the State informed the trial court that it would not agree to a withdrawal, the trial court denied Zinn's motion. The State then announced that it was ready to try the cases against Warner and asked that those causes be set for trial.

Zinn appealed the case to this Court. On June 4, 1998, this Court reversed the trial court's judgment. *See Zinn v. State,* No. 13–96–345–CR, 1998 Tex.App. LEXIS 3372 (Corpus Christi, June 4, 1998, no pet.) (not designated for publication). In an unpublished opinion, we held that Zinn's plea was involuntary and that the trial court erred in refusing to allow Zinn to withdraw his plea. We initially stated our holding with the following language: "we reverse the judgment of the trial court and

remand the cause for further proceedings with instructions that Zinn be allowed to withdraw his guilty plea and be granted a new trial." *Id.* at *1. After discussing of the law regarding when a defendant may withdraw a guilty plea as a matter of right, this Court concluded: "The judgment of the trial court is reversed and the case remanded to the district court with instructions that if the indictments against Warner are not dismissed, Zinn be allowed to withdraw his guilty plea." *Id.* at *7.

On remand, the trial court called the case on February 26, 1999. At that time, the trial court advised Zinn and the participating attorneys:

> At this time, the only thing that is before the Court is for the Court to—The Court of Appeals has affirmed the judgment—I mean the sentence—and it's just now for this court to resentence him in accordance with what Judge Hester [the original trial judge] had already done.

During a discussion between the attorneys for the State, Zinn, and the court, Zinn's attorney asked the court to consider allowing Zinn to withdraw his plea of guilty. The court took judicial notice at that time that the cases against Warner had been dismissed and proceeded to resentence Zinn to eight years imprisonment. At no time was Zinn permitted to withdraw his plea.

By his first issue, Zinn contends that the trial court erred in refusing to allow him to withdraw his plea of guilty.

### WITHDRAWAL OF THE PLEA

■ It has become axiomatic that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); *Bass v. State*, 576 S.W.2d 400, 401 (Tex.Crim.App. [Panel Op.] 1979). Thus, when a defendant enters a guilty plea pursuant to a plea bargain agreement, the State is bound to carry out its side of the plea bargain or the plea is rendered involuntary. *Gibson v. State*, 803 S.W.2d 316, 318 (Tex.Crim.App.1991); *Ex parte Austin*, 746 S.W.2d 226, 227 (Tex.Crim. App.1988).

■ The trial court is free in every case to reject a particular plea bargain entered into by the State and the defendant. TEX. CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 2000). If the court chooses to accept the agreement, it is bound to carry out the terms of the agreement. *Griffin v. State*, 703 S.W.2d 193, 195 (Tex.Crim.App.1986). Should the court choose to reject the plea bargain agreement, however, the defendant's plea is rendered involuntary and the defendant is entitled to withdraw his plea of guilty. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 2000).

■ Therefore, regardless of the source of the non-compliance, it is always true that when a plea bargain agreement is reached, it must be enforced as agreed to, or the defendant must be given an opportunity to withdraw his plea. TEX. CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 2000); *Gibson*, 803 S.W.2d at 318. The trial court's refusal to permit withdrawal constitutes an abuse of discretion. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 2000) (when plea agreement is not enforced, "the defendant *shall* be permitted to withdraw his plea. . . .") (emphasis supplied).

Our original opinion in this cause focused on the circumstances under which a defendant may withdraw his guilty plea as a matter of right. *Zinn*, 1998 Tex.App. LEXIS 3372 at *3. We recited that such a withdrawal is mandatory, upon the defendant's request, any time until judgment has been pronounced or the case has been taken under advisement. *Id.* In this discussion, we failed to account for the recognized difference between negotiated and non-negotiated pleas.

■ Courts throughout this State have held that where the defendant and the State have reached an agreement as to guilt and punishment, each is entitled to have the negotiated agreement enforced or to have an opportunity to withdraw. *See e.g., Lanum v. State,* 952 S.W.2d 36, 39 (Tex.App.—San Antonio 1997, no pet.); *Papillion v. State,* 908 S.W.2d 621, 624 (Tex.App.—Beaumont 1995, no pet.); *Ortiz v. State,* 885 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1994), *aff'd,* 933 S.W.2d 102 (Tex.Crim.App.1996); *Fielder v. State,* 834 S.W.2d 509, 511 (Tex.App.—Fort Worth 1992, pet. ref'd); *Allen v. State,* 827 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist.] 1992, no pet.). This differs from a situation in which the defendant chooses to enter a plea of guilty and move directly into punishment without an agreement. In that circumstance, the law we cited in our original opinion is applicable and permits the defendant, in the interest of justice, with a temporally-limited opportunity to change his mind, and may only subsequently withdraw his plea at the discretion of the court. *See e.g., Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979); *Rivera v. State,* 952 S.W.2d 34, 35 (Tex.App.—San Antonio 1997, no pet.); *Thompson v. State,* 852 S.W.2d 268, 270 (Tex.App.—Dallas 1993, no pet.). Because there was a plea bargain agreement in this case, the trial court's refusal to enforce the terms of the agreement vested Zinn with an absolute right to withdraw his plea. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 2000).

## REMEDIES ON REMAND FROM THE COURT OF APPEALS

In that original opinion, we also concluded that the appropriate remedy in this circumstance was specific performance. *See Zinn* at *6 (citing *Shannon v. State,* 708 S.W.2d 850, 851 (Tex.Crim.App.1986)).

We relied on *Shannon* to reach that conclusion.

In *Shannon,* the defendant entered into a plea bargain agreement and was sentenced to two years confinement for committing a Class A misdemeanor. The defendant, on appeal, attacked his conviction on the basis that a two year sentence exceeded the statutory maximum punishment for the offense for which he was convicted. The court of appeals agreed and remanded the cause for resentencing. *Shannon,* 708 S.W.2d at 851. On discretionary review, the State contended that a remand for resentencing under those circumstances was improper and that the appropriate remedy was to place the parties in their pre-plea postures. *Id.* The court of criminal appeals agreed, holding that remand for the limited purpose of resentencing would serve "to bind only one party to the agreement." *Id.* In essence, the court concluded that an attack on the plea bargain is an attack upon "the entire judgment of conviction." *Id.* Despite its assertion that remand to enforce only one portion of the agreement was "neither logical nor fair," the court wrote that, in some instances, specific performance of the agreement on remand may be appropriate. *Id.* at 852.[1] We have searched for any case in which any court has concluded that specific performance was the appropriate remedy on remand. We have found only two such cases.

■ In the first instance, the court of appeals concluded that the departure from the plea bargain agreement was limited to the amount of the fine assessed. *See Floyd v. State,* 914 S.W.2d 658, 663 (Tex.App.—Texarkana 1996, pet. ref'd). The court acknowledged that such an inconsistency could be corrected by a judgment *nunc pro tunc. See id.* Moreover, the court acknowledged that neither the fact of

---

1. This statement of law has been incorporated by numerous courts throughout the State. *See e.g., Lopez v. State,* 996 S.W.2d 893, 894 (Tex.App.—Corpus Christi 1999, no pet.); *Wright v. State,* 936 S.W.2d 704, 706 (Tex. App.—Dallas 1996, no pet.); *Tate v. State,* 921 S.W.2d 496, 497 (Tex.App.—Waco 1996, no pet.); *State v. Gent,* 887 S.W.2d 271, 274 (Tex.App.—Beaumont 1994, pet. ref'd).

the fine nor the amount of the fine were disputed by either party. *Id.* The only other such case our search discloses is *Zinn.* As noted throughout this opinion, we are convinced that the trial court did not merely mistakenly alter the terms of the agreement. The case before us presents a distinctly different situation than *Floyd,* where the record demonstrated that the court accepted the agreement and only the uncontested ministerial act of reforming the judgment was necessary to fulfill the terms of the agreement. *See id.* Here, instead, the trial court evidenced an intention to reject the plea bargain agreement altogether. We have reconsidered our original decision now and are convinced that specific performance is not the appropriate remedy when the trial court wholly rejects the plea bargain agreement.

## CONCLUSION

■ We conclude that when the trial court is presented with a plea bargain agreement, it may choose only to enforce the terms of the agreement or to reject the agreement. If the court chooses to reject the agreement, either in whole or in part, it must permit the defendant to withdraw his plea. The failure of the trial court to allow Zinn to withdraw his plea of guilty is reversible error. Our reversal of this case is a reversal of both the judgment of conviction and the punishment assessed. Consequently, pursuant to the reasoning enunciated in *Shannon,* both parties are placed in the same position as they were prior to Zinn entering his plea.

The cause is REVERSED and RE-MANDED for a new trial.