# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00503-CR

**William Dale Holland, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 9243, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING**

## O P I N I O N

William Dale Holland, Jr., appeals from a judgment of conviction for possession of more than 200 grams but less than 400 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (e) (West Supp. 2003). The sentence is imprisonment for thirty years and a $10,000 fine. We will reverse and remand for further proceedings.

### *Factual Background*

On June 27, 2001, appellant was indicted for manufacturing more than 200 grams but less than 400 grams of methamphetamine, and for possessing the same substance in the same amount with the intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (e) (West Supp. 2003). On September 21, appellant signed a negotiated plea bargain agreement by which he would waive his right to a jury trial and plead guilty to the lesser included offense of simple possession in return

for punishment of five years in prison and a $2,000 fine. That same day, appellant appeared before the court to enter his plea and receive the requisite admonitions.

At the September 21 proceeding, appellant asked the court for a sixty-day delay before he began serving his sentence to allow him to finish repairing his house for his wife. The court told appellant it would agree to this request on one condition: "I'll tell you the only way I'll do it. I'll take your plea. I will not agree to follow the plea [bargain]. If you don't show up I will sentence you to life . . . ." After appellant assured the court he understood the importance of his returning in sixty days, the court stated:

> All right. With that condition I'll let him plead today. I'll put it off until around the middle of November. We'll have to see exactly when that date will be. I'll take the plea today. I'll pronounce guilt. I'll make it clear that on the date that it's reconvened that if there's been no further violations and he shows up, that I'll follow the plea bargain. I'll also make it clear that I reserve the right not to follow it and impose a maximum sentence if he does not appear.
>
> If there's a further problem like a further violation, I will merely not follow the plea bargain and allow him to withdraw his plea. Put you back in trial at that point.

With that, there was a recess. When the proceeding resumed, appellant reiterated his intention to plead guilty pursuant to the negotiated plea bargain. He and the court then had the following colloquy:

> THE COURT: Before I go any further I want to reiterate on the record the discussion that we had earlier and that was that you needed some time to finish renovating the house for your wife--
>
> DEFENDANT: Yes, sir.

THE COURT: -- because of the time that you're going to do and you needed approximately two months. I agreed with you that I would set off sentencing for approximately two months about the middle of November.

DEFENDANT: Yes, sir.

THE COURT: With the condition that if you have another offense between now and then, that I will not accept the plea bargain. And you'll be back at square one on this case. The second condition was that if for any reason you did not appear --

DEFENDANT: I remember that very well.

THE COURT: -- that I will then sentence you within the full range of punishment, which is 5 to 99 years or life. And I told you that I fully intend if that happened to impose a life sentence in your absence. You remember that?

DEFENDANT: Very well.

THE COURT: And you agree that we're proceeding under those parameters?

DEFENDANT: Exactly.

The court gave appellant the statutory admonishments. Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2003). Among other things, the court told appellant:

You're further advised that the plea bargain [between appellant and the State] is not binding on the Court. But if I do follow it you may not appeal this without permission of the Court. But if I don't follow the plea bargain I will allow you to withdraw your plea of guilty, if that's how you so plead this morning -- this afternoon.

After completing the admonishments, the court found that the guilty plea was freely and voluntarily made.

Appellant was then sworn and questioned by defense counsel:

[COUNSEL]: You realize that this judge is going to give you approximately two months to stay out --

DEFENDANT: Yes.

[COUNSEL]: -- before you have to come back in for a sentencing hearing?

DEFENDANT: Yes.

[COUNSEL]: And you realize that you've already been found guilty or you will be found guilty here if he accepts the plea of possession of methamphetamine between 200 and 400 grams?

DEFENDANT: Yes.

[COUNSEL]: And that the range of sentencing for possession of methamphetamine between 200 and 400 grams is 5 years to 99 or life?

DEFENDANT: Yes.

[COUNSEL]: And, basically, what we've agreed to do so you could stay out -- you understand that if you don't come back when you are ordered to in approximately two months that you're basically going to this judge without an agreed recommendation? And he can sentence you between -- anywhere from 5 years to 99 or life?

DEFENDANT: Believe me I understand.

[COUNSEL]: You understand the situation you are in with the Court?

DEFENDANT: Fully.

The court then announced:

THE COURT: Court finds that the evidence substantiates the guilt of the defendant. However, I will not make a finding of guilt nor impose

4

sentence until that date to be not sooner than approximately November the 15th.

But I will tell you that if there are no problems and you are back on that date, I will find you guilty of this lesser included offense. I'll impose the sentence in accordance with the plea bargain agreement. You understand what happens if --

DEFENDANT: Yes.

THE COURT: -- if you don't show up?

DEFENDANT: Very much.

The cause was reset for December 7, 2001. Appellant failed to appear and a capias was issued for his arrest. On May 31, 2002, appellant was arrested by officers executing a search warrant for his residence. The district court immediately scheduled a hearing in this cause for June 5. Appellant's counsel filed a motion to withdraw the guilty plea. He also filed motions for a mental evaluation, a presentencing investigation, and a continuance.

The court, obviously believing that it had already found appellant guilty, announced the purpose of the June 5 hearing:

It's the Court's position at this time that without hearing further evidence the Court could sentence the Defendant as the Court deems appropriate. I have, however, determined to have what I would style as a "mini" punishment hearing for purposes of receiving any evidence that might be appropriate to the Court's determination of exercising that discretion within that 5 to 99 year range of punishment, and that is the purpose for which we are gathered today.

The court considered and overruled appellant's motions, including his motion to withdraw the guilty plea, and heard testimony regarding appellant's criminal activities since he was last before the court.

5

The court then announced that it found appellant guilty "if such needs to be reiterated" of possessing between 200 and 400 grams of methamphetamine and assessed punishment at thirty years in prison and a $10,000 fine. Appellant's motion for new trial was denied, and this appeal ensued.

## *Discussion*

By his fourth issue on appeal, appellant argues that the district court erred by refusing to allow him to withdraw his plea of guilty when it became apparent that the court was not going to follow the plea agreement between himself and the State.[1] He argues that the court was required to either follow the agreement he negotiated with the State or allow him to withdraw his guilty plea. The State replies, in effect, that its original agreement with appellant had been modified with appellant's understanding and consent. As the State sees it, appellant's plea was "open," that is, there was no agreed punishment recommendation, because he failed to appear at the December 7 hearing. Thus, the court did not reject the plea bargain and appellant was not entitled to withdraw his plea.

A trial court is free to accept or reject a plea bargain agreement. Until the court accepts it, a negotiated plea bargain agreement is not binding on the parties. *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996). If the court chooses to accept the plea, it is bound to carry out the terms of the agreement. *Perkins v. Court of Appeals*, 738 S.W.2d 276, 283-84 (Tex. Crim.

---

[1] Because the court had taken the case under advisement at the conclusion of the September 21 hearing, appellant did not have an absolute right to withdraw his guilty plea. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Milligan v. State*, 324 S.W.2d 864, 865 (Tex. Crim. App. 1959); *Stanton v. State*, 262 S.W.2d 497, 498 (Tex. Crim. App. 1953); *Zuazu v. State*, 691 S.W.2d 88, 90 Tex. App.—Houston [1st Dist.] 1985, pet. ref'd).

App. 1987); *Zinn v. State*, 35 S.W.3d 283, 285 (Tex. App.—Corpus Christi 2000, pet. ref'd). If the court rejects the terms of the plea bargain agreement, the defendant's plea is rendered involuntary and the defendant is entitled to withdraw the guilty plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2); *Zinn*, 35 S.W.3d at 286; *Allen v. State*, 827 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1992, no pet.). A trial court's refusal to permit withdrawal of a plea in such a circumstance amounts to an abuse of discretion. *Zinn*, 35 S.W.3d at 285. The court must announce its acceptance or rejection of the plea agreement before any "finding on the plea." Tex. Code Crim. Proc. Ann. art. 26.13(a)(2).

It is clear from the record of the September 21 hearing that the court did not at that time accept or reject the negotiated agreement between the State and appellant by which appellant would plead guilty to the lesser offense in exchange for a five-year prison term and a $2000 fine. To the contrary, the court expressly stated that it would follow the agreement if appellant appeared as ordered after the resetting and did not commit further crimes in the meantime, but would reject the agreement and allow appellant to withdraw his guilty plea if he committed additional offenses before appearing. The court also told appellant that if he did not appear after the requested sixty-day continuance, the court would consider itself free to assess any punishment authorized by statute, up to and including life in prison. In other words, the court on September 21 conditionally accepted appellant's guilty plea but deferred its decision whether to accept or reject the plea bargain agreement between appellant and the State.[2] *See Ortiz*, 933 S.W.2d at 104.

---

[2] The court did not adjudge appellant guilty at the September 21 proceeding, its apparent belief to the contrary notwithstanding. It would have been error for the court to find appellant guilty without first announcing whether it would follow the negotiated plea agreement. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West Supp. 2003).

7

The district court was entitled to defer its decision whether to follow or reject the plea bargain negotiated by appellant and the State pending appellant's appearance following the resetting. It was also entitled to reject the negotiated agreement after appellant failed to appear. It was not, however, entitled to reject the agreement without allowing appellant to withdraw his guilty plea. Article 26.13(a)(2) clearly and unambiguously gives appellant the right to withdraw his guilty plea after being told that the court will not follow the plea bargain negotiated by appellant and the State.

The court admonished appellant in the general terms of article 26.13(a)(2) that if the court did not follow the plea bargain agreement negotiated by appellant and the State, appellant would be permitted to withdraw his guilty plea. The court also told appellant that if he committed another offense before appearing on December 7 and, as a consequence, the court refused to follow the plea bargain agreement, he would be permitted to withdraw his guilty plea and he would be "back at square one." Under article 26.13(a)(2), appellant was also entitled to return to "square one" when the court rejected the plea bargain because appellant failed to appear on December 7.

Appellant was repeatedly told by the district court that he would be allowed to withdraw his guilty plea if the court did not follow the plea bargain agreement. He was never told by the district court that if he failed to appear after the sixty-day continuance, he would not be permitted to withdraw his guilty plea. In answer to his counsel's question, appellant indicated that he understood that if he did not appear he would be "going to this judge without an agreed recommendation." Appellant was not asked and did not state, however, that he understood that he would not be permitted to withdraw his plea in that circumstance. On this record, we do not agree with the State that appellant either accepted a different plea bargain agreement proposed by the

8

district court or knowingly and voluntarily waived his statutory right to withdraw his guilty plea should his plea bargain with the State be rejected by the court.[3]

A violation of article 26.13 is nonconstitutional error subject to harm analysis pursuant to appellate rule 44.2(b). *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); Tex. R. App. P. 44.2(b). Appellant's substantial rights were violated in this case when, after his statutory right to withdraw his guilty plea was denied, he was assessed a punishment by the court rather than a jury far exceeding that to which he had agreed before pleading guilty.

Because we find that issue four presents reversible error, we do not address the remaining issues. The judgment of conviction is reversed and the cause is remanded to the district court for a new trial.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: July 11, 2003

Publish

_____

[3] Nothing in this opinion should be construed as sanctioning plea bargaining between the defendant and the trial court. *See Perkins v. Court of Appeals*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987). We merely hold that no such bargain was struck here.