Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





TONY EUGENE TINSLEY,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-02-00278-CR


Appeal from the


Criminal District Court No. 2


of Dallas County, Texas


(TC# FO1-73185-PI)


 

M E M O R A N D U M O P I N I O N



 This is an appeal from a conviction for the offense of sexual assault of a
child-enhanced by the allegation of a prior felony conviction. Appellant pleaded guilty and
the court assessed punishment at life imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 A plea hearing was held on November 14, 2001. The court admonished Appellant
concerning the range of punishment and noted that Appellant was entering into an "open plea
agreement" and the court would assess punishment. Appellant was represented by attorney
Timothy Jeffrey. Appellant acknowledged that he had waived his right to appeal his
conviction. He entered a plea of guilty to the offense, and pleaded true to the enhancement
allegation. Appellant's judicial confession was entered into evidence and Appellant orally
confessed as well. The court inquired if Appellant knowingly and voluntarily signed all the
plea documents and Appellant responded in the affirmative. Appellant stated to the court
that he was pleading guilty freely and voluntarily. The court found that the Appellant's pleas
and judicial confessions were freely and voluntarily made. The court set the sentencing
portion of the hearing thirty days hence pending the completion of a presentence
investigation. 

 The second half of the plea hearing was conducted on March 1, 2002. Appellant was
represented by a different attorney named Clark Birdsall who had first met with Appellant
the previous day. Appellant advised the court that he had not been able to retain counsel and
the court appointed Birdsall to represent Appellant for the rest of the trial. Appellant then
moved to withdraw his guilty plea. A hearing was held and Appellant testified that he had
entered his plea for reasons other than guilt, and he stated that he pleaded guilty because the
attorney told Appellant that he would receive a forty-year sentence unless he pleaded guilty. 
Appellant alleged that there were two witnesses that heard this statement. One was Doug
Schopmeyer, Appellant's former appointed attorney, and another inmate, Michael Dickerson,
who was also in the holding cell when the statement was made. 


 Schopmeyer testified that he did not recall any conversation between Appellant and
Jeffrey; although, he stated that such a conversation would not be unusual. Appellant moved
for a continuance to obtain the testimony of Dickerson, and the court denied that motion. 
Appellant testified that he had been coerced into entering a plea of guilty by Detective Dan
Lesher, because Lesher told him that a case in Kansas would not be filed against him if he
pleaded guilty. Appellant did not deny having a sexual relationship with the complainant,
but he denied that any such relationship occurred in the State of Texas. The court denied
Appellant's motion to withdraw his guilty plea. 

 The court then proceeded to the sentencing portion of the trial. The complainant
testified that Appellant was her biological father. She lived on and off with Appellant and
his family in Kansas and Oklahoma. During his time, Appellant had sexual intercourse with
her on many occasions. When she was fifteen-years-old, she and Appellant and his family
moved into the Prairie Creek Apartments in Dallas County, Texas. Appellant continued to
have sex with her and she conceived a second child at that time. Later, the complainant and
Appellant lived in numerous locations in different states and the sexual conduct continued. 
 Daniel Lasher, a detective with the Child Abuse Unit, testified that he began
investigating Appellant with regard to physically assaulting the complainant in December of
1997 at the Prairie Creek Apartments. On May 4, 1999, he took the complainant's affidavit
concerning a sexual assault by Appellant. Lasher determined from police reports and from
the complainant that she had lived at that address with Appellant during the operative time
of the assault. After the complainant recanted, DNA tests were conducted and it was
established that Appellant was the father of the child conceived at those apartments. Based
on the results of those tests, Appellant was arrested. Lasher denied that he ever told
Appellant that charges in Kansas would be dropped if Appellant pleaded guilty. 

 Appellant testified that he was remorseful, and that he had been obsessed with the
complainant. He stated that most of the sexual conduct occurred "on the road" when
Appellant was driving 18 wheeler trucks. Appellant testified that he did not recall having
any relationship with the complainant in the State of Texas. 

II. DISCUSSION


 In Issue No. Two, Appellant asserts that he did not knowingly and voluntarily waive
his right to appeal. As stated, during the first plea hearing, Appellant signed a written waiver
of his right to appeal and he responded to inquiries by the court that he had no questions
about the waiver. However, Appellant maintains that as this was an open plea, he could not
validly waive his right to appeal because he had no way of knowing with certainty the
punishment that would be assessed and he could not anticipate the error that might occur
during trial. See Ex parte Dickey, 543 S.W.2d 99, 101 (Tex. Crim. App. 1976). 

 In response, the State cites Monreal v. State, 99 S.W.3d 615 (Tex. Crim. App. 2003),
to indicate the appeal should be dismissed because Appellant waived his right to appeal and
failed to obtain the trial court's consent to appeal. In Monreal, the Court of Criminal Appeals
held that a waiver of the right to appeal, whether done pretrial or post-sentencing, is valid if
the defendant is fully aware of the consequences at the time he enters the waiver. See
Monreal, 99 S.W.3d at 622. The waiver need not be part of a plea bargain. Rather, the
critical question is whether the defendant understood the consequences of the waiver. Id. at
621. In Monreal, the defendant entered his waiver of appeal seven days after he was
sentenced. In the present case, because Appellant could not have known what his sentence
would be at the time he entered his plea, Monreal does not apply. A waiver of the right to
appeal entered before the defendant is aware of the consequences of his plea is invalid. See
Ex parte Thomas, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977); Ex parte Townsend, 538
S.W.2d 419, 420 (Tex. Crim. App. 1976); Hargesheimer v. State, 126 S.W.3d 658, 659 (Tex.
App.--Amarillo, 2004, pet. ref'd). Therefore, we agree with Appellant's assertion in Issue
No. Two and will address the merits of his complaints.

 In Issue No. One, Appellant argues that the plea of guilty was not knowingly and
voluntarily entered by the Appellant. It is well settled that an accused's plea of guilty or nolo
contendre must be made freely and voluntarily. Flowers v. State, 935 S.W.2d 131, 133 (Tex.
Crim. App. 1996). When considering the voluntariness of a plea, we must examine the entire
record. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Where an accused
attests during the initial plea hearing that his plea is voluntary, as is the case here, he bears
a heavy burden to prove in a subsequent hearing that he entered the plea involuntarily. Cantu
v. State, 988 S.W.2d 481, 484 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd); Jones v.
State, 855 S.W.2d 82, 84 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). (1) On appeal,
Appellant contends that the threat or misinformation that he would receive a forty year
sentence unless he pleaded guilty rendered his plea involuntary. Initially, we note that a
defendant's claim that he was misinformed by counsel, without more, does not make a plea
involuntary. Tabora v. State, 14 S.W.3d 332, 336 (Tex. App.--Houston [14th Dist.] 2000,
no pet.). In cases holding a guilty plea to be involuntary, the record contains confirmation
of the misinformation by counsel, or documents augmenting the defendant's testimony that
reveal the misinformation and show its conveyance to the defendant. Id. at 337; see Ex parte
Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991); Ex parte Griffin, 679 S.W.2d 15, 18 (Tex.
Crim. App. 1984); Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). We find
that Appellant's unsupported allegations suffice to render his plea involuntary. Issue No.
One is overruled. 

 In Issue No. Three, Appellant asserts that the court erred in proceeding to trial in less
than ten days after the appointment of Appellant's counsel. During the first hearing,
Appellant was represented by attorney Jeffrey. Appointed counsel Birdsall was appointed
shortly prior to the commencement of the second hearing. There is some indication in the
record that Appellant had been unsuccessful in retaining counsel. 

 The Code of Criminal Procedure provides, "an appointed counsel is entitled to 10 days
to prepare for a proceeding . . . ." Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp.
2004). The ten-day preparation time is a mandatory provision that may be waived only with
written consent or on the record in open court. Id. If a defendant does not waive his right
to the ten-day period, he may raise the failure to comply with Section 1.051(e) for the first
time on appeal. See Saldano, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002); Marin v. State,
851 S.W.2d 275, 280 (Tex. Crim. App. 1993). 

 In the present case, Appellant's plea papers contain a waiver of the ten day preparation
period. However, there is no waiver pertaining to the second counsel at the second hearing. 
If we assume this constituted error, violations of Article 1.051(e) are subject to a harmless
error analysis. Rojas v. State, 943 S.W.2d 507, 511 (Tex. App.--Dallas 1997, no pet.). We
cannot say that the additional time would have affected Appellant's defense or the outcome
of the sentencing hearing. See Tex. R. App. P. 44.2(b). Appellant maintains that more
preparation time would have allowed for the testimony of the other witness, Dickerson,
concerning the statement of Appellant's attorney in the holding tank. However, there is
nothing in the record to indicate this witness was still in custody or otherwise available. 
Appellant also asserts that there were three other defense witnesses available who could have
offered critical defense testimony. In fact, regarding these witnesses, appointed counsel
indicated on the record that Appellant had left it up to him whether or not to call these
witnesses and appointed counsel decided their testimony would not add anything to the
defense case. While appointed counsel asked for a continuance regarding the issue of
voluntariness, he did not seek a continuance on the issue of inability to proceed with the
sentencing hearing and he did not indicate he was otherwise not ready to proceed. Appellant
contended at the hearing that he had engaged in sexual relations with the complainant-but
not in Texas. It is hard to perceive how additional time for preparation would have allowed
for the development of further trial strategy. Having found the error harmless, we overrule
Issue No. Three.

 In Issue No. Four, Appellant asserts that the evidence was factually insufficient to
support the conviction. When a defendant pleads guilty or nolo contendere, the State must
introduce sufficient evidence into the record to support the plea and show the defendant is
guilty, and said evidence shall be accepted by the court as the basis for its judgment. Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004); see also Ex parte Martin, 747
S.W.2d 789, 792-93 (Tex. Crim. App. 1988). In a factual sufficiency review, we determine
whether a neutral review of all the evidence demonstrates the proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). The reviewing court must be appropriately deferential
to avoid substituting its judgment for the fact finder's, and any evaluation should not
substantially intrude on the fact finder's role as the sole judge of the weight and credibility
given to witness testimony. Id. at 7.

 In this case, Appellant judicially confessed to committing the offense as alleged in the
indictment. At the initial plea hearing, the State offered Appellant's signed judicial
confession into evidence without objection by Appellant. The Appellant also stated to the
court that he had committed the offense. A judicial confession admitted into evidence and
contained in the transcript is sufficient to prove Appellant's guilt. Pitts v. State, 916 S.W.2d
507, 510 (Tex. Crim. App. 1996); Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App.
1979) (op. on reh'g). 

 The trial judge passed the case for a presentence investigation report. During the
punishment hearing, Appellant and numerous other witnesses testified. It is during this
testimony that Appellant asserts that the State failed to prove the jurisdictional element that
the offense was committed in the State of Texas. Appellant states that the only possible situs
of the offense in Texas was the Prairie Creek Apartments in Dallas. While Appellant admits
that there was testimony from the complainant that sexual assaults occurred at that location,
this testimony was not credible. Appellant contends that the evidence showed that the
complainant had lied and continually changed her story in the past concerning the sexual
assault. Furthermore, while Appellant admitted to having had sexual intercourse with the
complainant, these occurred on the road in his truck and he could not recall having had
sexual intercourse with the complainant in Texas.

 However, the court had before it the testimony of the complainant as well as the
testimony of Detective Lasher that she had lived at the apartments with Appellant; further,
the child conceived during that time was fathered by Appellant. Having reviewed all the
evidence under the appropriate standard, we conclude it is legally and factually sufficient to
support the conviction. See Johnson, 23 S.W.3d at 11. Accordingly, we overrule Appellant's
Issue No. Four.

 Having overruled each of Appellant's issues on review, we affirm the judgment of the
trial court.

August 6, 2004




 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)

1. We also note that when a defendant pleads guilty without a plea agreement and judgment has been
pronounced or the case has been taken under advisement, the trial court's decision whether to allow a defendant to
withdraw his plea is discretionary. See Zinn v. State, 35 S.W.3d 283, 286 (Tex. App.--Corpus Christi 2000, pet.
ref'd) (citing Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Rivera v. State, 952 S.W.2d 34, 35
(Tex. App.--San Antonio 1997, no pet.); Thompson v. State, 852 S.W.2d 268, 270 (Tex. App.--Dallas 1993, no pet.). 
Abuse of that discretion is shown only when "the trial court's ruling lies outside the 'zone of reasonable
disagreement.' "Watson v. State, 974 S.W.2d 763, 765 (Tex. App.--San Antonio 1998, pet. ref'd).