# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00041-CR

**Jason Marcano, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 000413, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A three-count indictment accused appellant Jason Marcano of aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 21.11 (West 2003), § 22.021 (West Supp. 2005). Appellant pleaded guilty to the aggravated sexual assault count pursuant to a plea bargain agreement by which the State agreed to waive the remaining counts and recommend a twelve-year prison term. The district court accepted the plea but declined to follow the State's punishment recommendation, imposing a twenty-year sentence. In his sole point of error, appellant urges that the court erred by overruling his motion for new trial. Finding no error, we affirm the judgment of conviction.

After appellant entered his plea, the cause was recessed to allow the preparation of a presentence report. The cause was recalled three months later. It is clear from the colloquy between the trial court and counsel for the parties that the court had already made known its decision

not to follow the agreed punishment recommendation. Rejecting defense counsel's request to honor the plea agreement, the court announced:

> Having received the defendant's written and oral plea . . . [and] having heard the arguments of counsel and having reviewed the reports, the Court is unable to accept the plea bargain in this case. And the defendant is sentenced to a term in the Texas Department of Corrections for 20 years.
>
> Since the sentence imposed by the Court exceeds the plea bargain in this case, the defense does have the right to withdraw their plea and have this case set for trial.

After a brief recess, appellant's counsel objected to the court having failed to follow the plea bargain, arguing that "[t]he contract had been completed under the circumstances" and asking for a "full-blown hearing" on that issue. The court overruled the objection, observing, "Mr. Marcano certainly has . . . 30 days to file a motion for new trial. And, I guess, he has . . . a choice. He can either ask . . . the Court to adopt and follow the initial plea offer of 12 years; or, in the alternative, he can be permitted to withdraw his plea." Defense counsel responded that "we are acknowledging . . . the right to withdraw that plea. And at this point, we are not withdrawing it." The court replied, "Okay. Well, you have 30 days to decide what to do."

Appellant filed a timely motion for new trial. In the motion, appellant stated that he pleaded guilty pursuant to a plea bargain in which the State agreed to recommend a twelve-year sentence; that the State later announced that it was changing its punishment recommendation to twenty-four years; and that the trial court ultimately sentenced appellant to twenty years in prison.[1]

---

[1] During the sentencing hearing, the parties referred to another hearing before a visiting judge conducted after the guilty plea was entered. It was agreed that a twenty-four-year sentence was mentioned at that hearing, but the parties did not agree as to whether the State formally renounced

At the conclusion of the motion, appellant prayed that the court grant him a new trial. A notation on the face of the motion indicates that a hearing was scheduled, but the hearing was not held and the motion was overruled by operation of law.

Appellant urges that the district court erred "by refusing to allow [him] to withdraw his plea when [he] requested a new trial within 30 days after sentencing." A defendant who pleads guilty to a felony pursuant to a plea bargain agreement must be allowed to withdraw the plea if the trial court refuses to follow the agreement. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2); *Holland v. State*, 112 S.W.3d 251, 255 (Tex. App.—Austin 2003, no pet.). The State does not deny that appellant was entitled to withdraw his guilty plea after the district court announced that it would not follow the agreed punishment recommendation, but it asserts that no error is shown because appellant never asked to withdraw his plea.

As previously noted, appellant argued at the sentencing hearing that he was entitled to specific performance of the original plea bargain agreement and that the district court was legally bound to impose the agreed twelve-year sentence. The district court rejected this argument but remarked that appellant could continue to press this claim in a motion for new trial or, alternatively, choose to withdraw his guilty plea and go to trial. The factual recital contained in appellant's motion for new trial was as consistent with the first of these options as with the latter. Just because appellant was entitled to withdraw his guilty plea does not mean that he wanted to do so. It may be that at the time the motion for new trial was filed, appellant wanted to press his specific performance argument

the plea bargain. This intermediate hearing was not memorialized on the district court's docket sheet and is not part of the record before us.

(an argument he does not bring forward on appeal) but was not willing to risk a sentence exceeding twenty years by going to trial on a plea of not guilty.

An appellate court should not read an ambiguous record in such a way as to presume error on the part of the trial court. *See State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000). Absent a clear showing that appellant was seeking a new trial for the purpose of exercising his right to withdraw his guilty plea, we decline to hold that the district court abused its discretion by overruling the motion for new trial.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   September 30, 2004

Do Not Publish

4