IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00077-CR

 

Jamie Eric Delgado,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2006-1508-C2

 



MEMORANDUM OPINION










 

        Delgado appeals his convictions
for indecency with a child by sexual contact.  See Tex. Penal Code Ann.
§ 21.11(a)(1), (c) (Vernon 2003).  We reverse.

        In Delgado’s first issue, he
contends that the trial court erred in not allowing Delgado to withdraw his
plea of guilty.

        In general, if the defendant
has pleaded guilty and the trial court has taken the case under advisement,
“the trial judge is empowered to permit or deny . . . withdrawal” of
the plea, “within his sound discretion.”  Donovan v. State, 68 S.W.3d
633, 637 (Tex. Crim. App. 2002) (citing DeVary v. State, 615 S.W.2d 739,
740 (Tex. Crim. App. [Panel Op.] 1981)); accord Labib v. State, 239
S.W.3d 322, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  

[T]he test for abuse of discretion

“is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court’s action;
rather, it is a question of whether the trial court acted without reference to
any guiding rules or principles, and the mere fact that a trial court may
decide a matter within its discretionary authority differently than an
appellate court does not demonstrate such an abuse.”

State v. Herndon, 215 S.W.3d 901, 907-908 (Tex. Crim. App. 2007)
(quoting Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005))
(alteration added); see Montgomery v. State, 810 S.W.2d 372, 380 (Tex.
Crim. App. 1990) (op. on orig. submission).

       Several federal constitutional rights are
involved in a waiver that takes place when a plea of guilty is entered in a
state criminal trial.  First, is the privilege against compulsory
self-incrimination guaranteed by the Fifth Amendment and applicable to the
States by reason of the Fourteenth.  Second, is the right to trial by jury. 
Third, is the right to confront one’s accusers.  

Boykin v. Alabama, 395 U.S. 238, 243 (1969) (internal citations
omitted); see U.S. Const.
amends. V-VI, XIV; Fernandez-Vargas v. Gonzales, 126 S. Ct. 2422,
2431-32 (2006); Vannortrick v. State, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).  “Waivers of constitutional rights not only must be voluntary but
must be knowing, intelligent acts done with sufficient awareness of the
relevant circumstances and likely consequences.”  Brady v. United States, 397
 U.S. 742, 749 (1970); see Halbert v. Michigan, 545 U.S. 605, 623-24 (2005); Schneckloth v. Bustamonte, 412 U.S. 218, 236-37, 241 (1973); Johnson
v. Zerbst, 304 U.S. 458, 464 (1938); Vannortrick at 708.  “The
standard as to the voluntariness of guilty pleas is [that] ‘[a] plea of guilty
entered by one fully aware of the direct consequences . . . must
stand unless induced by threats, misrepresentation, or perhaps by promises that
are by their nature improper . . . .’”  Brady at 755
(quoting Shelton v. United States, 246 F.2d 571, 572 n.2 (5th Cir.
1957)) (bracketed material added) (parenthetical examples omitted); see
Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005); Vannortrick at 708.

        In Texas law, “the trial
court’s discretion to allow a defendant to withdraw a guilty plea is not
restricted except where Texas Code of Criminal Procedure 26.13 makes allowing
withdrawal mandatory.”  Bowie v. State, 135 S.W.3d 55, 64 n.19 (Tex.
Crim. App. 2004) (citing Gutierrez v. State, 108 S.W.3d 304, 309 (Tex.
Crim. App. 2003)). 

        Code of
Criminal Procedure Article 26.13 provides:

       Prior to accepting a plea of
guilty . . . , the court shall admonish the defendant of
. . . the fact that the recommendation of the prosecuting attorney as
to punishment is not binding on the court.  Provided that the court shall
inquire as to the existence of any plea bargaining agreements between the state
and the defendant and, in the event that such an agreement exists, the court
shall inform the defendant whether it will follow or reject such agreement in
open court and before any finding on the plea.  Should the court reject any
such agreement, the defendant shall be permitted to withdraw his plea of
guilty . . . .

Tex. Code
Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2007).

        “If the court rejects the
terms of the plea bargain agreement, the defendant’s plea is rendered involuntary
and the defendant is entitled to withdraw his guilty plea.”  Holland v.
State, 112 S.W.3d 251, 255 (Tex. App.—Austin 2003, no pet.); see
Bitterman v. State, 180 S.W.3d 139, 141-42, 144 (Tex. Crim. App. 2005); Zinn
v. State, 35 S.W.3d 283, 285 (Tex. App.—Corpus Christi 2000, pet. ref’d); cf.
Vannortrick, 227 S.W.2d at 708.  “A trial court’s refusal to permit
withdrawal of a plea in such a circumstance amounts to an abuse of
discretion.”  Holland at 255; see Bitterman at 144; Zinn
at 285.

        The parties filed a
“DISCLOSURE OF PLEA AGREEMENT,” including an “APPLICATION FOR PROBATION,” in
which the State agreed to recommend deferred-adjudication community supervision
in consideration of Delgado’s plea of guilty.  (I C.R. at 18.)  The parties
also filed a document captioned and providing in relevant part:

REQUEST CONCERNING BOND PENDING FURTHER PROCEEDINGS

DISCLOSURE
OF FURTHER NEGOTIATED PLEA AGREEMENT

In open court, the State of Texas, . . .
JAIME ERIC DELGADO, the Defendant, and . . . his Attorney of
Record, in compliance with Article 26.13, Tex. Code of Crim.Proc. regarding
disclosure of plea bargain agreements, would show the Court that separate from
and in addition to the plea agreement concerning the length of the sentence,
the amount of the fine, community supervision, if any, and the like, an
agreement has been reached as herein set forth which is subject to the approval
of the Trial Court.

. . . Defendant agrees that if the Court
grants this request and Defendant is released or remains free on bail bond that
he will timely appear for all interviews or meetings, if any, with the McLennan
County Community Supervision and Corrections Department personnel, and will
timely appear at any time when, and place where, his presence may be required
under the Code of Criminal Procedure, including but not limited to settings for
disposition upon Pre-Sentence Investigation (PSI) and sentencing.

Defendant agrees that his failure to so appear
constitutes a voluntary waiver under Article 1.14, Tex. Code of Crim.Proc., and
he agrees that failure to appear authorizes the trial court to:

. . .

·          
refuse to allow Defendant to
withdraw the plea herein entered.

(I C.R. at 19); see Tex. Code Crim. Proc. Ann. art. 1.14
(Vernon 2005), art. 26.13 (Vernon Supp. 2007).  

        At a hearing on Delgado’s
plea, the trial court found the evidence sufficient to find Delgado guilty and
ordered a presentence investigation.  At a sentencing hearing, after the return
of a report of the investigation, the trial court stated:  “I’ve determined
that I am not going to follow the State’s recommendation and give you deferred
adjudication probation.”  (1 R.R. S.F. at 9-10.)  The State then sought
enforcement of the bond-request agreement and put on evidence that Delgado had
failed to cooperate in the presentence investigation and had failed to appear
for a previous sentencing hearing.  Delgado thereafter attempted to withdraw
his plea.  The State and counsel for Delgado agreed that Delgado had signed the
bond-request agreement.  The trial court denied Delgado’s request to withdraw
the plea, found Delgado guilty, and sentenced Delgado to ten years’
imprisonment.

        Delgado argues that the trial
court erred in not allowing Delgado to withdraw the plea.  The State, in
arguing that the trial court did not err, relies primarily upon Texas v. Moore.  See State v. Moore, 240 S.W.3d 248 (Tex. Crim. App. 2007).  Moore stands for the proposition that the State may move for specific
enforcement of a plea-bargain agreement providing for a remedy for the
defendant’s breach of the agreement.  See id. at 249, 251, 254-55.  In Moore, the parties agreed on a recommended sentence of twenty-five years’
imprisonment, but agreed that if Moore violated certain conditions, “the State
would not recommend a punishment”; the plea “would become an open plea for the
trial court to determine the sentence based on the full punishment range.”  Id. at 249.  The trial court accepted the plea, and later, upon proof that Moore had violated those conditions, enforced the agreement and sentenced Moore to forty years’ imprisonment.  Id.  The court of appeals reversed; the Court
of Criminal Appeals reinstated the trial court’s judgment.  Id. at
255.  Moore is distinguishable.  The trial court there accepted
the agreement and enforced one of its provisions converting the agreed plea
into an open plea; the trial court below, instead, rejected the plea bargain.  The
trial court having expressly rejected the plea-bargain agreement, the court abused
its discretion in not permitting Delgado to withdraw his plea.  The court erred
in enforcing that portion of the agreement that allowed the court to refuse to permit
Delgado to withdraw the plea.  We sustain Delgado’s first issue.    

        We need
not reach Delgado’s other issues.  Having sustained Delgado’s first issue, we
reverse and remand.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Reversed and remanded

Opinion delivered and filed April 16, 2008

Do not publish

[CR25]