Petition for Writ of Mandamus
Denied and Memorandum Opinion filed September 15, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00786-CR

____________

 

IN RE DENNIS JOE PHARRIS, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

351st District Court

Harris County, Texas

Trial Court Cause No. 1031225

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

On September 12, 2011, relator filed a petition for
writ of mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221; see
also Tex. R. App. P. 52.  Relator asks this court to compel the Honorable
Mark Kent Ellis, presiding judge of the 351st District Court of Harris County, to
enforce a plea bargain agreement.

Background

Relator was charged with theft in three different
cause numbers:  1031225, 1210228, and 1210229.  On April 14, 2010, relator
entered into a plea agreement with the State in cause number 1031225.  In that
case, relator agreed to 43 months’ confinement in exchange for a reduction in
the charge.  The trial court accepted relator’s plea and entered judgment in
cause number 1031225.  On May 17, 2010, the trial court held a hearing on cause
numbers 1210228 and 1210229.  Relator and the State had reached an agreement in
cause number 1210228 in which relator agreed to plead guilty and either admit
he committed theft by deception or pay $135,000 in restitution to the victim in
cause number 1210228.  In exchange, the State agreed to dismiss the charge in
cause number 1210229.  At a hearing on relator’s application for writ of habeas
corpus, the prosecutor testified that there were two different plea bargain
agreements, one in cause number 1031225, and the other in cause numbers
1210228, 1210229, and 0991356 (“one of the old cases that needed to be
dismissed”).  The State gave relator a deadline on which to pay the restitution
and reserved the right to rescind the agreement if it were unable to verify the
funds.  At the writ hearing, the prosecutor testified that the State wanted to
ensure that the funds being used for restitution were not stolen.  

According to the prosecutor's testimony at the writ
hearing, the prosecutor determined that relator had acquired the money for restitution
through theft or deception and refused to accept the plea.  Therefore, trial on
cause numbers 1210228 and 1210229 was set for March, 2011, but later
rescheduled to September 16, 2011.  Relator filed an application for pretrial
writ of habeas corpus alleging that jeopardy attached when the trial court
accepted the plea in cause number 1031225, and trial on cause numbers 1210228
and 1210229 was prohibited by double jeopardy.  The trial court denied
relator’s pretrial writ, which relator appealed, and this court docketed as
cause number 14-11-00266-CR.

Mandamus
Standard

To be entitled to mandamus relief in a criminal case,
a relator must show that he has no adequate remedy at law to redress his
alleged harm, and that what he seeks to compel is a ministerial act, not
involving a discretionary or judicial decision.  State ex rel. Young v.
Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210
(Tex. Crim. App. 2007) (orig. proceeding).  

Analysis

In his petition for writ of mandamus, relator asks
this court to compel the trial court to stay his trial and enforce the terms of
the plea agreement.  Relator alleges the trial court had a ministerial duty to
enforce the terms of the plea bargain agreement.  In support of his argument
relator cites Perkins v. Court of Appeals for Third Supreme Judicial Dist.
of Tex., 738 S.W.2d 276 (Tex. Crim. App. 1987).  In Perkins, the
record reflected that the trial court accepted the defendant’s plea of guilty
and approved the plea bargain agreement. Thereafter, after receiving new
information regarding the defendant’s culpability as a party, the State
withdrew its plea bargain offer and the trial court refused to accept the
agreement he had previously approved.  The Court of Criminal Appeals held that
when the defendant enters into a plea bargain agreement with the prosecutor,
and the trial court approves the agreement, and the agreement is not kept, the
proper relief is either specific performance of the agreement, if it can be
enforced, or withdrawal of the plea if it cannot. See id. at 283–84.  

In this case, unlike Perkins, there is no
evidence in the record that the trial court accepted the plea bargain.[1] 
In fact, there is contrary evidence reflecting that the State withdrew the plea
bargain agreement prior to any request for the trial court’s acceptance because
relator did not comply with the terms of the agreement.  Relator argues that
the plea bargain agreement in cause number 1031225 was part of the plea
agreement in the remaining cause numbers; therefore, he argues, by accepting
the agreement in cause number 1031225, the trial court accepted the agreement
in the remaining cause numbers.  The record reflects, however, that the trial
court accepted relator’s plea bargain in cause number 1031225 and signed a
judgment in that case.  At the very least, a fact issue was raised with regard
to whether there was one plea bargain agreement or two.  In denying relator’s
writ of habeas corpus, the trial court resolved that fact issue in favor of the
State.  On petition for writ of mandamus, we defer to the trial court’s
resolution of fact issues unless it is clear from the record that only one
decision could have been reached.  See Walker v. Packer, 827 S.W.2d 833,
839–40 (Tex. 1992) (orig. proceeding).  In this case, relator has not
established that only one decision could have been reached; therefore, he is
not entitled to specific performance of the agreement.  

Accordingly, we deny relator’s petition for writ of mandamus
and the request to stay his trial.

 

                                                                        PER
CURIAM

 

Panel
consists of Justices Frost, Seymore, and Jamison.

Do Not
Publish — Tex. R. App. P. 47.2(b).  









[1]
Relator also cites Ortiz v. State, 933 S.W.2d 102, 104 (Tex. Crim. App.
1996); Wright v. State, 158 S.W.3d 590, 593–94 (Tex. App.—San Antonio
2005, pet. ref’d); Holland v. State, 112 S.W.3d 251, 255 (Tex.
App.—Austin 2003, no pet.); and Zinn v. State, 35 S.W.3d 283, 285 (Tex.
App.—Corpus Christi 2000, pet. ref’d).  Each of those cases is distinguishable
on its facts in that in each case the trial court accepted the plea bargain;
therefore, the defendant was entitled to specific performance of the agreement or
to withdraw his plea.