**Opinion filed April 5, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00138-CR

_____

## DANIEL GLENN CRIPPEN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 24043A**

## O P I N I O N

The jury convicted Daniel Glenn Crippen of aggravated sexual assault of a child younger than fourteen years. The trial court found that the child was under the age of six and assessed punishment at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Crippen challenges his conviction in a single issue. We affirm.

Crippen's conviction for aggravated sexual assault of a child arises from his act of engaging in sexual contact with his girlfriend's four-year-old daughter, B.R., by penetrating her vagina with his finger. B.R.'s pre-K teacher took B.R. to the hospital after B.R. showed her that

she had blood in her underwear and told her that a bad man snuck into her room the night before and put one hand on the bed and one hand in her underwear and hurt her. Initially, Crippen denied that he penetrated B.R. and told police that he and B.R.'s mother thought someone must have broken into the house and hurt B.R. However, Crippen changed his story during his interview with police and admitted that his finger went inside B.R., but he said that it was an accident. Crippen testified that he came home from work, made something to eat, and went down the hall to check on the kids before going to bed. He saw B.R. on the floor and went into her bedroom to pick her up and put her back in bed. When he picked her up, she started wiggling and twisting, and he almost dropped her. Crippen realized his finger was inside her vagina, but he did not mean for it to happen. He testified that it was an accident and that he did not touch B.R. in a sexual way. He admitted that he initially lied because he was scared and did not think that anyone would believe him.

The SANE nurse who treated B.R. at the hospital testified that B.R. told her a man with hairy hands wearing a mask with a giraffe on the top came into her room and put his fingers inside of her and twisted them. She found three points of injury on B.R., including the complete transection of B.R.'s hymen, and testified that B.R.'s story was consistent with those injuries. The multiple points of injury and the extensive nature of the injuries were not consistent with an accident because "[y]ou don't see accidents where the hymen is actually torn." B.R. testified that Crippen was the man who came into her room and hurt her.

Crippen requested a jury instruction on the offense of injury to a child. The trial court denied Crippen's request, and Crippen objected to the charge. Crippen timely appealed. In a single issue, he alleges that the trial court erred by refusing to submit the lesser included offense of injury to a child.

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006).

2

To determine whether Crippen was entitled to an instruction on the offense of injury to a child, we must compare the statutory elements of aggravated sexual assault of a child younger than fourteen, as modified by the particular allegations in the indictment, with the statutory elements of the offense of injury to a child and determine whether "the proof for the offense charged includes the proof necessary to establish the lesser-included offense and [whether] there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). The controlling factor is whether the lesser included offense could be proven by the same facts necessary to establish the offense charged. *Mello v. State*, 806 S.W.2d 875, 878 (Tex. App.—Eastland 1991, pet. ref'd) (citing *Jones v. State*, 586 S.W.2d 542 (Tex. Crim. App. 1979)).

Crippen was charged with aggravated sexual assault of B.R., a child younger than fourteen, by causing his finger to penetrate the sexual organ of B.R. To prove aggravated sexual assault as alleged in the indictment, the State had to show that Crippen intentionally and knowingly caused the penetration of B.R.'s sexual organ with his finger and that B.R. was a child under fourteen years of age at the time of the assault. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2011). To prove the offense of injury to a child, the State would have to show that Crippen intentionally, knowingly, recklessly, or with criminal negligence caused B.R. serious bodily injury; serious mental deficiency, impairment, or injury; or bodily injury. *See* TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2011). The offense of injury to a child requires the additional element of bodily or mental injury for conviction. "Evidence of penetration does not constitute evidence of bodily injury." *Wilson v. State*, Nos. 12-02-00042-CR, 12-02-00043-CR, 2003 WL 21771766, at *7 (Tex. App.—Tyler July 31, 2003, no pet.) (mem. op., not designated for publication). Therefore, the offense of injury to a child cannot be proven by the same facts necessary to prove aggravated sexual assault of a child younger than fourteen years.

Although the evidence in this case showed that B.R. was injured because of the sexual assault, the State was not required to prove that B.R. was injured in order to secure a conviction for aggravated sexual assault of a child. "The relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense." *McKithan v. State*, 324 S.W.3d 582, 593 (Tex. Crim. App. 2010).

In addition, the offense of injury to a child does not differ from aggravated sexual assault of a child under fourteen "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission" because aggravated sexual assault of a child under fourteen does not require any proof of injury. *See* Article 37.09. Nor does injury to a child differ from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. *See id.* Furthermore, injury to a child is not an attempt to commit aggravated sexual assault of a child under fourteen. *See id.* Therefore, we hold that injury to a child is not a lesser included offense of aggravated sexual assault of a child. We overrule Crippen's sole issue.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


April 5, 2012

Publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4