# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-13-00423-CR

---

**The State of Texas, Appellant**

**v.**

**Steve Villarreal, Jr., Appellee**

---

**FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT
NO. CR2012-019, HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

### NO. 03-13-00657-CV

---

**In re The State of Texas, ex rel. Jennifer Tharp**

---

**ORIGINAL PROCEEDING FROM COMAL COUNTY**

---

### O P I N I O N

The State charged appellee Steve Villarreal, Jr. with three counts of sexual assault of a child. *See* Tex. Penal Code § 22.011(a)(2). Villarreal entered into a plea agreement with the State under which Villarreal agreed to plead guilty to one count of sexual assault in exchange for the dismissal of the other two counts. The trial court, however, placed Villarreal on deferred

adjudication community supervision for one count of endangering a child and dismissed two of the sexual-assault counts. *See id.* § 22.041(c) (defining endangerment of a child).

In Cause Number 03-13-00423-CR, the State brings an appeal asserting that the trial court erred in dismissing two of the sexual-assault counts and in ordering that Villarreal be placed on deferred adjudication community supervision for endangering a child. *See* Tex. Code Crim. Proc. art. 44.01(a)–(b) (granting State right to appeal various orders and sentences). Alternatively, in Cause Number 03-13-00657-CV, the State petitions for a writ of mandamus, seeking an order from this Court instructing the trial court to withdraw its previous orders and either (1) enforce the plea agreement as written or (2) accept or reject the plea agreement. We conditionally grant the mandamus petition in part and dismiss the appeal as moot.

## BACKGROUND

These charges stem from Villarreal's alleged sexual intercourse with a fourteen-year-old girl. *See* Tex. Penal Code § 22.011(a)(2), (c)(1) (defining various sexual acts with child younger than seventeen years of age as sexual assault). Following negotiations, the State and Villarreal entered into the plea agreement outlined above. The trial court conducted a plea hearing, during which it gave Villarreal the proper admonishments, including a recitation of the plea agreement. Following these admonishments, Villarreal pleaded guilty to one count of sexual assault of a child.

2

The trial court conditionally accepted the guilty plea, withheld accepting the plea agreement at that time, scheduled a later punishment hearing, and ordered a pre-sentence investigation report to be prepared.[1]  At the punishment hearing, the trial court made the following ruling:

> I am going to find that although the evidence does substantiate your guilt to the offense in Count 1 [sexual assault of a child], I am going to defer any further findings on a lesser included offense pursuant to 22.041(c) of the Texas Penal Code, endangering a child, and place you on deferred adjudication for a period of 5 years for that . . . .

After this pronouncement, the following exchange occurred between the trial court and counsel for the State:

> State:  I'm a little confused as to what's going on.
>
> Court:  I'm deferring adjudication on a lesser included offense.  What I'm finding under these circumstances is a lesser included offense.  It's an open plea.
>
> State:  I'm not sure—I'm not sure that's within an open plea, Your Honor, if it's an open plea of guilty to a particular offense.  That's my concern.
>
> . . . .

---

[1] Prior to the punishment hearing, Villarreal, counsel for the State, and the trial court signed a document entitled "Admonishments, Voluntary Statements, Waivers, Stipulations, Judicial Confession & Plea Bargain Agreement."  Although this document recites the terms of the plea agreement, the trial court's signature indicates only that it was accepting Villarreal's guilty plea, not that the court actually convicted Villarreal or accepted the terms of the plea agreement.  *See Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996) (concluding that trial court's "acceptance" of guilty plea without ruling on plea agreement is effectively conditional acceptance subject to final decision); *see also Holland v. State*, 112 S.W.3d 251, 255 n.2 (Tex. App.—Austin 2003, no pet.) ("It would have been error for the court to find appellant guilty without first announcing whether it would follow the negotiated plea agreement.").

3

Court: I'm either going to follow this line, or my point is, I'm just going to reject the plea, because it's just so—

State: I understand.

. . . .

State: The second thing I want to do is be sure that's a lesser included offense, because I'm not sure it is. And I understand what you're trying to do, but—

 . . . .

Court: Absent the open plea, you know, I might have to agree with you . . ., it might not be, but with the open plea and with the candid discussion between defense counsel, your other assistant, and myself, I think it's certainly susceptible to that under these circumstances. The third option would be a torpedo, so—

After some additional discussion, the State objected to the trial court's proposed orders, asserting that the ruling was inconsistent with the plea agreement. The trial court overruled the State's objection, placed Villarreal on deferred adjudication community supervision for endangering a child, and dismissed two of the counts of sexual assault of a child. This appeal and mandamus petition followed.

**DISCUSSION**

The State filed its appeal, asserting that (1) the trial court erred in dismissing the two counts of sexual assault and (2) the trial court's order placing Villarreal on deferred adjudication for endangerment of a child is an illegal sentence. *See* Tex. Code Crim. Proc. art. 44.01(a)(1) (granting State right to appeal order dismissing portions of indictment), 44.01(b) (granting State right to appeal

4

sentence on ground that sentence is illegal). Pending disposition of the appeal, the State requested, and this Court ordered, a stay of the trial court proceedings. *See id.* art. 44.01(e).

The State now concedes that an order placing a defendant on deferred adjudication community supervision is not a sentence, and thus the State does not have the right to challenge by appeal the trial court's order placing Villarreal on deferred adjudication for endangering a child. *See id.* art. 44.01(a) (listing those orders that the State may challenge by appeal). Therefore, the State has withdrawn its second appellate issue and has filed its petition for writ of mandamus. In the mandamus petition, the State seeks an order from this Court compelling the trial court to withdraw its previous orders and either (1) enforce the terms of the negotiated plea agreement or (2) accept or reject the negotiated plea agreement. The State effectively seeks the same relief—enforcement of the plea bargain—by mandamus that it seeks on appeal. We will therefore focus the remainder of our discussion on whether the State is entitled to mandamus relief.

To be entitled to a writ of mandamus in a criminal case, a relator must demonstrate that (1) she has no adequate remedy at law and (2) what she seeks to compel is a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). Even though a remedy at law may "technically exist," a party may be entitled to mandamus relief if the remedy is so "uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwall v. Court of Appeals of the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (internal quotations omitted); *see also In re State ex rel. Weeks*, 391 S.W.3d at 123. An act is ministerial "when the facts and circumstances dictate but one rational decision under unequivocal, well-settled . . ., and clearly controlling legal principles" such that the

relator has a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122–23 (internal quotations omitted). We will examine in turn whether the State has met these two requirements.

**No adequate remedy at law**

The State asserts that it has no adequate remedy at law because it cannot enforce the terms of the plea bargain through an appeal. Specifically, the State claims that because the trial court's order placing Villarreal on deferred adjudication is not a final sentence from which the State can appeal, it cannot receive the benefit of its bargain with Villarreal. Whether the State has an adequate remedy at law to enforce the terms of a plea agreement is a question of first impression in this Court.

One of our sister courts of appeals, however, has addressed a similar issue and concluded that the State lacked an adequate remedy at law when the trial court failed to adhere to the terms of a plea bargain. *See In re State of Tex.*, No. 08-12-00165-CR, 2013 WL 634581, at *3–4 (Tex. App.—El Paso Feb. 20, 2013, orig. proceeding) (not designated for publication). In that case, the trial court purported to accept the defendant's plea bargain with the State, placed the defendant on deferred adjudication community supervision for aggravated assault, but refused to make an affirmative deadly-weapon finding as specifically required by the plea bargain. *Id.* at *1–2. The appellate court explained that "[i]t is undisputed that the State cannot appeal the order placing [defendant] on deferred adjudication. Thus, the State has shown that it does not have an adequate remedy at law." *Id.*

In this case, the State has the right to appeal the trial court's order dismissing two of the sexual-assault counts against Villarreal, and thus the State can challenge certain aspects of the trial court's ruling via appeal. *See id.* art. 44.01(a)(1). However, the State has no means of

6

appealing the trial court's order placing Villarreal on deferred adjudication community supervision for endangering a child. *See In re State of Tex.*, 2013 WL 634581 at \*3. Thus, even if we were to reverse the trial court's order dismissing two of the sexual-assault counts, the State would not receive the benefit of its plea agreement because it would not secure an adjudication for sexual assault.[2]

At most, if we reversed the trial court on appeal and reinstated the two sexual-assault counts, Villarreal might seek to either enforce or withdraw from the plea bargain. This could potentially return the State to the position of effectuating its plea bargain. However, it is uncertain that Villarreal would actually seek such relief and, even if he did, it is uncertain that the State would receive the benefit of its plea agreement. Therefore, we conclude that the State lacks an adequate remedy at law in this case. *See Greenwall*, 159 S.W.3d at 648–49 (noting that even though legal remedy technically exists, remedy may be too uncertain or ineffective to be adequate remedy at law). The State has satisfied the first element for mandamus relief, and we proceed to determine whether the State seeks to compel a purely ministerial act. *Id.*

**Ministerial act**

As noted above, mandamus relief will issue only to compel a trial court to perform a purely ministerial act. *See id.* A trial court's act is ministerial if, under the facts of the case and

---

[2] The State asserts that one of its objectives in entering into this plea agreement was to ensure that—regardless of whether Villarreal was placed on deferred adjudication community supervision or convicted of sexual assault—Villarreal would be required to register as a sex offender. *See* Tex. Code Crim. Proc. art 62.001(5)(A) (defining conviction or adjudication, including deferred adjudication, for various sexual offenses as "reportable conviction or adjudication" for which accused is required to register as sex offender). An adjudication for endangering a child does not require Villarreal to register as a sex offender, and thus the State contends that it has not received the benefit of its bargain. *See id.* art. 62.001(5) (listing offenses that require sex-offender registration).

the controlling legal principles at issue, the relator has a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122–23. "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *Winters v. Presiding Judge of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003).

It is a well-settled principle of criminal law that "a plea bargain is a contract between the state and the defendant," and "only the state and the defendant may alter the terms of the agreement." *Moore v. State*, 295 S.W.3d 329, 331–32 (Tex. Crim. App. 2009). The trial court's only role in the plea-bargain process is to advise the defendant whether it will accept or reject the plea bargain. *Id.* at 332. If the court accepts the plea bargain, the State cannot withdraw its offer, and the parties are entitled to specific performance of the bargain. *See id.*; *see also Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 283–84 (Tex. Crim. App. 1987). If the court rejects the plea bargain, the defendant has the right to withdraw his guilty plea, and then the State has the right to withdraw its offer. *See Moore*, 295 S.W.3d at 332. The trial court has no authority to participate in plea-bargain negotiations, and it is reversible error for the trial court to insert additional, non-negotiated terms into a plea bargain. *See id.*

Villarreal asserts that the trial court did not alter the terms of the plea agreement, but rather acted within its wide discretion to determine the appropriate judgment under the "open" plea. Specifically, Villarreal claims that because the plea bargain stated that his guilty plea to sexual assault was open, the trial court had the discretion not only to determine punishment, but also to determine the offense for which Villarreal would be sentenced. Thus, according to Villarreal, the

8

trial court merely accepted the plea bargain and acted within its discretion in placing Villarreal on deferred adjudication community supervision for endangering a child. Under the circumstances of the present case, we find this argument unpersuasive.

First, the plain language of the plea agreement indicates that Villarreal would plead guilty to and be adjudicated for sexual assault of a child. *See Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013) (noting that courts "apply general contract-law principles to determine the intended content of a plea agreement," looking to written agreement and formal record to determine its terms). The plea agreement states that it is an "Open Plea to Count I Only," and admonished Villarreal that if he was convicted he could be sentenced for a second-degree felony, consistent with a conviction for sexual assault of a child. Under the section titled "PLEA AGREEMENT AND SENTENCING RECOMMENDATION," the agreement indicates that in exchange for Villarreal's guilty plea to sexual assault of a child, the State would recommend that Villarreal get credit for time served and the State would dismiss the remaining counts. However, the parties did not check the box indicating that Villarreal could be prosecuted for a lesser-included offense, and nowhere in the plea agreement do the parties suggest that Villarreal could be adjudicated of some other offense not included in the indictment. Thus, although the agreement indicates that it is open as to punishment, there is nothing within the four corners of the plea agreement to indicate that the parties intended the plea to allow adjudication for any offense the trial court believed appropriate.[3] *See id.* (noting that court will not imply plea-bargain term unless necessary to effectuate parties' intent).

---

[3] Villarreal has not pointed us to any case that supports his interpretation of an "open" plea.

Second, Villarreal's assertion that in an "open" plea bargain, the trial court has complete discretion to adjudicate a defendant on any offense would lead to an absurd result. Under Villarreal's theory, by entering into an open guilty plea as to punishment, both the defendant and the State must accept an adjudication for any offense that does not exceed the maximum sentence of the offense charged, regardless of whether the accused's guilty plea would support that adjudication or whether the adjudication is consistent with the indictment. This result would run afoul of long-standing precedent regarding notice provided by the indictment and sufficiency of the evidence. *See generally Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (discussing due process requirements for sufficiency of evidence and notice provided by indictment).

The trial court's order in this case is inconsistent with Villarreal's plea and the indictment. As the State correctly notes, endangering a child is not a lesser-included offense of sexual assault of a child as charged in this case. *See* Tex. Penal Code §§ 22.011, 22.041. Generally, an offense is a lesser-included offense to the offense charged if it can be proven by the same or less than all the facts required to establish the offense charged. *See* Tex. Code Crim. Proc. art. 37.09(1). In this case, Villarreal was charged with sexual assault by intentionally or knowingly causing the penetration of the female sexual organ of a child with his sexual organ. Endangerment of a child, by contrast, requires proof that an accused "intentionally, knowingly, recklessly, or with criminal negligence . . . engages in conduct that places a child . . . in imminent danger of death, bodily injury, or physical or mental impairment." Tex. Penal Code § 22.041(c). Thus, endangerment of a child requires proof of an additional element—the alleged conduct must place a child in danger of some harm. *See Crippen v. State*, 368 S.W.3d 630, 632 (Tex. App.—Eastland 2012, pet. ref'd)

10

(concluding that injury to child is not lesser-included offense of aggravated sexual assault of child because sexual assault of child does not require proof of injury). Given that endangerment of a child is not a lesser-included offense of the sexual assault of a child in this case, neither Villarreal's guilty plea nor the indictment supports adjudication for that offense. *See Byrd*, 336 S.W.3d at 246.

Based on the plain language of the plea bargain, we conclude that the parties intended for Villarreal to plead guilty to and be adjudicated for one count of sexual assault of a child in exchange for the State's recommendation that Villarreal get credit for time served and dismissal of the remaining two counts of sexual assault of a child. *See Ex parte De Leon*, 400 S.W.3d at 89 (noting interpret plea bargain like contract). The trial court had no authority to alter the terms of this agreement, and thus the trial court clearly abused its discretion by placing Villarreal on deferred adjudication community supervision for a separate offense. *See Moore*, 295 S.W.3d at 332 (noting trial court lacks authority to alter terms of plea bargain). Because the trial court failed to perform its ministerial duty to either enforce or reject the plea agreement, we conclude that the State is entitled to mandamus relief. *See id.*; *see also Perkins*, 738 S.W.2d at 285 (concluding that mandamus relief appropriate to compel enforcement of plea bargain).

The State asserts that the trial court accepted the plea agreement, and therefore the State is entitled to specific enforcement of its bargain. *See Moore*, 295 S.W.3d at 332 (noting that if trial court accepts plea bargain, defendant entitled to enforcement of its terms). Thus, the State requests that we order the trial court to assess punishment for one count of sexual assault. Although an argument can be made that the trial court conditionally accepted the plea bargain during the initial plea hearing, *see supra* n.1, the court's comments at the punishment hearing indicate that it did not

accept the plea agreement as written. When asked by counsel for the State whether it accepted the plea agreement, the trial court stated "Well, I'm accepting his plea of guilty." The court repeatedly indicated that if it could not place Villarreal on deferred adjudication community supervision for endangering a child, it would reject the plea agreement.

Based on this record, we conclude that the trial court has neither accepted nor rejected the plea agreement at this time; instead, the trial court impermissibly modified the agreement. The trial court has a ministerial duty to either accept or reject the agreement without modification. *See Moore*, 295 S.W.3d at 332. Thus, we conditionally grant the State's petition for writ of mandamus in part, order the trial court to withdraw its orders placing Villarreal on deferred adjudication community supervision for endangering a child and dismissing two of the sexual-assault counts, and order the trial court to either accept or reject the negotiated plea agreement as agreed to by Villarreal and the State. If the trial court fails to comply, we will issue the writ. Because our resolution of the mandamus petition disposes of all issues in this case, we dismiss the State's appeal in Cause Number 03-13-00423-CR as moot.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

03-13-00423CR        Dismissed at Moot
03-13-00657-CV       Conditionally Granted in Part

Filed:   December 20, 2013

Publish

12