

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,143-01

### EX PARTE DANIEL GLENN CRIPPEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 24043-A(1) IN THE 42ND DISTRICT COURT
### FROM TAYLOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to twenty-five years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Crippen v. State*, 368 S.W.3d 630 (Tex. App. — Eastland, April 5, 2012, pet. ref'd).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

for various reasons. Applicant alleges that counsel should have challenged the makeup of the grand jury that returned the indictment in this case, because Applicant told counsel that the foreman of the grand jury who signed the indictment was trying to get Applicant out of the way so that he could date the mother of Applicant's daughter. Applicant alleges that counsel failed to play a recording of the second interview conducted with the complainant's brother, which, according to Applicant, would have supported the conclusion that it was a stranger, rather than Applicant, who committed this offense. Applicant alleges that he wanted counsel to ask him on the stand whether he had coached the complainant into giving her initial account of the offense (wherein the complainant apparently said it had been a stranger and not Applicant who committed the offense), but that counsel refused to do so. Finally, Applicant alleges that counsel failed to bring up the "DNA or lack thereof." Apparently, Applicant was told during his interrogation that his DNA was a match for evidence collected from the complainant at the hospital, but he does not believe that such evidence existed.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 13, 2015
Do not publish