

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-19-00288-CR
No. 10-19-00291-CR

**IN RE ORLANDO DEONTE PIERCE**

**Original Proceeding**

## OPINION

In two separate petitions for writ of mandamus, relator, Orlando Deonte Pierce, challenges the trial court's orders on motions to enforce a plea bargain in both proceedings. Specifically, relator contends that the trial court unlawfully rescinded a plea-bargain agreement; that the trial court had a ministerial duty to approve a plea bargain in these cases to remedy a violation of effective counsel; and that a prior trial judge would have accepted the plea before a second attempt at rescission by the State. For the reasons outlined below, we deny relator's petitions for writ of mandamus.

# I.  BACKGROUND

In these proceedings, relator was charged by indictment with the offenses of aggravated assault and violation of a protective order, family violence.  As indicated in relator's mandamus petitions, on August 27, 2018, the Robertson County District Attorney's Office conveyed a plea offer to relator's court-appointed counsel.  According to relator, the offer was, in exchange for his plea of guilty to both felonies, relator would receive punishment of fifteen years' prison time for the aggravated-assault allegation and ten years' prison time for the violation of a protective order, family violence, allegation with the sentences to be served concurrently.  The prosecutor indicated that the plea offer was available only for one week.  During the following week, relator spoke with his appointed counsel and expressed a desire to accept the plea offer.  However, appointed counsel did not convey relator's acceptance of the plea offer until a day after the prosecutor's deadline for accepting the offer passed.  Prior to appointed counsel's attempt to accept the plea offer, the prosecutor informed appointed counsel, via facsimile, that the offer had been withdrawn and that any attempt to accept at this time was too late.  The prosecutor replaced the aforementioned plea offer with one of forty years' prison time in exchange for relator's plea of guilty to both felony allegations.

Thereafter, on May 10, 2019, relator moved the trial court to "enforce the plea agreement," arguing that the trial court should enforce the plea offer made by the prosecutor for fifteen years' and ten years' prison for the two charges with the sentences

to run concurrently. Relator argued that he "should not be punished more severely, solely due to the failure of defense counsel to convey defendant's acceptance of the plea agreement to the District Attorney in a timely fashion." The trial court initially granted the request to reopen the plea negotiations and further stated that any plea agreement reached between the prosecutor and relator would be considered by the court at a later date. The trial court did not accept or reject any plea at this time.

After the trial court's ruling, relator tried again to accept the prosecutor's original offer of fifteen years' and ten years' prison time for the two charges with the sentences to run concurrently. However, before the purported agreement could be approved by the trial court, the State revoked the plea, stating that the withdrawal was due to "newly discovered evidence" that relator committed a new offense of violation of a protective order on or about February 26, 2019. Subsequently, the trial court denied relator's motion to enforce the plea agreement, stating that there was no agreement to "specifically perform." The mandamus record does not contain a certified or sworn copy of this order, which is the basis of these original proceedings.

## II. STANDARD OF REVIEW

In a criminal mandamus, the relator must show that he has no adequate remedy at law and what he seeks to compel is a ministerial act. *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011); *see State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). An act is ministerial if relator can show a

clear right to the relief sought. *Bowen*, 343 S.W.3d at 810. A clear right to relief is shown when the facts and circumstances dictate but one rational decision under "unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlled legal principles." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). Mandamus is not available to compel a discretionary act as distinguished from a ministerial act. *See State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984). However, a "discretionary" act can become "ministerial" when the facts and circumstances dictate but one rational decision. *In re State of Tex.*, 162 S.W.3d 672, 675 (Tex. App.—El Paso 2005, orig. proceeding) (citing *Buntion v. Harmon*, 827 S.W.2d 945, 948 n.2 (Tex. Crim. App. 1992)).

## III.  ANALYSIS

"A plea agreement is a contractual arrangement. Until all of the necessary parties agree to the terms of the contract, the agreement is not binding." *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996).

> *A plea bargain consists of three parts: a plea of guilty, the consideration for it, and the approval by the court of the agreement.* The bargain is the consideration exchanged to the defendant for the plea of guilty. *In order for the contract to be binding, the trial judge must approve and accept both aspects of it.* When presented with a plea bargain, the court has the right to accept or reject it; however, it may not hold the defendant to his plea of guilty while rejecting the benefit the defendant was to receive. If the court does not approve the entire agreement, the defendant must be allowed to withdraw his plea of guilty."

*Ortiz v. State*, 885 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1994), *aff'd*, 933 S.W.2d 102 (Tex. Crim. App. 1996) (emphasis added).

"The trial court's only role in the plea-bargain process is to advise the defendant whether it will accept or reject the plea bargain." *State v. Villarreal*, 418 S.W.3d 920, 925 (Tex. App.—Austin 2013, no pet.). "If the court accepts the plea bargain, the State cannot withdraw its offer, and the parties are entitled to specific performance of the bargain." *Id.* "If the court rejects the plea bargain, the defendant has the right to withdraw his guilty plea, and then the State has the right to withdraw its offer." *Id.* "The trial court has no authority to participate in plea-bargain negotiations." *Id.*

In these proceedings, there is nothing in the mandamus record indicating that the trial court approved any proposed plea agreement between relator and the prosecutor. As such, any purported agreement between relator and the prosecutor was not binding. *See Ortiz*, 933 S.W.2d at 104. Thus, relator is not entitled to specific performance of the purported plea agreement. *See Villarreal*, 418 S.W.3d at 925.

Furthermore, the case law mentioned above demonstrates that the trial court exercises discretion in accepting or rejecting a purported plea agreement between the State and a particular defendant. *See Ortiz*, 885 S.W.2d at 273; s*ee also Perkins v. Court of Appeals for Third Supreme Judicial Dist.*, 738 S.W.2d 276, 284 (Tex. Crim. App. 1987) (noting that mandamus relief is available to compel performance of ministerial or mandatory duties; however, "it is not be to used to force a particular result, or to change a result, the

determination of which involves an exercise of judicial or discretionary authority"). Thus, it cannot be said that the trial court, in these proceedings, had a ministerial duty to accept the original plea agreement. The decision to either approve or reject the proposed agreement rests within the sole discretion of the trial court. Pursuant to *Perkins*, mandamus relief is not available to compel a particular result, such as the acceptance of the original proposed plea agreement here, when the determination of which involves the exercise of judicial or discretionary authority to accept or reject the purported plea agreement. *See* 738 S.W.2d at 284.

Moreover, because the original plea agreement had been withdrawn by the State before the trial court approved of it, there is nothing in the law that requires: (1) the trial court to order the State to reoffer the plea agreement; and (2) the trial court to accept the re-offered plea agreement. To require this would be to inject the trial court in the plea-bargain negotiations, which is prohibited. *See Villarreal*, 418 S.W.3d at 925. Accordingly, we conclude that the relator has failed to identify and establish a true ministerial duty that the trial court violated in this case. *See Bowen*, 343 S.W.3d at 810; *see also State ex rel. Young*, 236 S.W.3d at 210.

In addition to the foregoing, we note that the majority of relator's mandamus petition advances an ineffective-assistance-of-counsel claim against relator's appointed counsel in failing to timely accept the State's original plea offer. This argument mirrors those which were contained in relator's motion to enforce the plea agreement. In any

event, an ineffective-assistance-of-counsel claim can be brought on direct appeal or by an application for writ of habeas corpus. *See, e.g., In re Bledsoe*, No. 06-14-00215-CR, 2014 Tex. App. LEXIS 13507, at *2 (Tex. App.—Texarkana Dec. 18, 2014, no pet.) (orig. proceeding) (mem. op.) ("Although habeas corpus is usually a preferable avenue for raising claims of ineffective assistance of counsel, such claims may be raised on direct appeal; therefore, mandamus is not appropriate."). Therefore, relator has failed to establish entitlement to mandamus relief in these proceedings for ineffective assistance of counsel because he has an adequate remedy at law. *See Bowen*, 343 S.W.3d at 810; *see also State ex rel. Young*, 236 S.W.3d at 210.

Furthermore, in his prayer, relator seeks to be "returned to the position he occupied on May 13, 2019, that being an accepted plea bargain for 15 years prison time on the Aggravated Assault allegations, to be served concurrently with a 10-year prison sentence on the Violation of a Protective Order charge." As stated above, that plea offer was withdrawn by the prosecutor. The effect of granting this relief to relator would require us to mandamus the prosecutor to re-offer the plea offer desired by relator. We lack jurisdiction to issue a writ of mandamus against a prosecutor to make such an offer. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West Supp. 2018) (providing that an appellate court has the power to issue writs of mandamus to protect its jurisdiction or against certain judges); *see also In re Bailey*, No. 10-13-00117-CR, 2013 Tex. App. LEXIS 5539, at *8 (Tex. App.—Waco May 2, 2013, orig. proceeding) (mem. op.) (noting that an appellate

court lacks jurisdiction to issue a writ of mandamus against a prosecutor). Moreover, because the trial court cannot participate in plea-bargain negotiations, the trial court cannot require the State to re-offer the plea either. *See Villarreal*, 418 S.W.3d at 925. As such, based on the facts in these proceedings, there is nothing in the law that allows for this Court or the trial court to effectuate the requested relief.

### IV. CONCLUSION

Based on the foregoing, we deny relator's petitions for writ of mandamus.[1] *See Bowen*, 343 S.W.3d at 810; *see also State ex rel. Young*, 236 S.W.3d at 210.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
(Chief Justice Gray dissenting with an opinion)
Petition denied
Opinion delivered and filed October 2, 2019
Publish
[OT06]



---

[1] We are also not persuaded by relator's contention that a prior trial judge in the 82nd Judicial District Court of Robertson County, Texas, would have accepted this purported plea agreement. As mentioned earlier, trial judges are vested with discretion to accept or reject plea agreements. That a prior trial judge would have accepted the purported plea agreement is supposition and irrelevant, especially considering the 82nd Judicial District Court is now occupied by a different trial judge who has his own discretion to accept or reject plea agreements.