# NO. 12-23-00200-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN CARLOS MARTINEZ, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Juan Carlos Martinez appeals from his conviction for injury to a child. In a single issue, Appellant contends the trial court erred in not enforcing his first plea agreement with the State. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon in October 2021. At the conclusion of plea negotiations, the State sent Appellant's counsel an email on July 7, 2022, stating that the State would not be making a plea offer but that if Appellant entered an open plea, the State would consent to the waiver of a jury trial. On August 19, Appellant pleaded "guilty," and the trial court deferred a guilt finding and set the case for a sentencing hearing. Prior to the sentencing hearing, the State expressed its wish to withdraw its consent to Appellant's jury waiver because additional indictments arising out of the same conduct were forthcoming. At a meeting in chambers, the trial court refused to allow the State to withdraw its consent.

At a status hearing on September 30, the State informed the trial court that Appellant had been indicted for injury to a child arising out of the same incident as the aggravated assault with a deadly weapon charge. Therefore, the State requested the aggravated assault case be "set off

for some amount of time until we can figure out what -- what we need to do on the injury to a child case." The trial court granted this request. Appellant then filed a motion for specific performance and dismissal of the new indictment, claiming that the State breached its plea agreement. After a hearing, the trial court determined the State had not promised to bring no additional charges under the plea agreement and denied the motion. At the same hearing, Appellant pleaded "guilty" to injury of a child pursuant to a plea agreement. The trial court accepted Appellant's plea and sentenced him to the agreed forty years imprisonment. This appeal followed.

## PLEA AGREEMENT

In his sole issue, Appellant urges the trial court erred when it failed to enforce his first plea agreement after the trial court had already accepted it.

## Applicable Law

It is a well-settled principle of criminal law that "a plea bargain is a contract between the state and the defendant," and "only the state and the defendant may alter the terms of the agreement." *Moore v. State*, 295 S.W.3d 329, 331–32 (Tex. Crim. App. 2009). The trial court's only role in the plea-bargain process is to advise the defendant whether it will accept or reject the plea bargain. *Id.* at 332. If the court accepts the plea bargain, the State cannot withdraw its offer, and the parties are entitled to specific performance of the bargain. *See id.; see also Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 283–84 (Tex. Crim. App. 1987). If the court rejects the plea bargain, the defendant has the right to withdraw his guilty plea, and then the State has the right to withdraw its offer. *See Moore*, 295 S.W.3d at 332.

## Application

At the open-plea hearing, the trial court accepted Appellant's guilty plea to aggravated assault with a deadly weapon. However, it specifically stated that it deferred "making such a finding," and set the case for a punishment hearing.

Prior to the scheduled punishment hearing, Appellant, counsel for the State, and the trial court signed a series of documents commonly referred to as "plea papers."[1] These included

---

[1] The State argues that its consent to Appellant's waiver of a jury trial was not bargained for, which negates the existence of a plea agreement. The "Agreed Punishment Recommendation" indicates it was an "open plea" with

documents entitled agreed punishment recommendation, acknowledgement of admonishments, waiver of jury trial, agreement to stipulate testimony, and stipulation of evidence. Although these documents recite the terms of the plea agreement, the trial court's signature indicates only that it was accepting Appellant's guilty plea, not that the court convicted Appellant or accepted the terms of the plea agreement. *See **Ortiz v. State**,* 933 S.W.2d 102, 104 (Tex. Crim. App. 1996) (concluding that trial court's "acceptance" of guilty plea without ruling on plea agreement is effectively conditional acceptance subject to final decision); *see also **Holland v. State**,* 112 S.W.3d 251, 255 n.2 (Tex. App.—Austin 2003, no pet.) ("It would have been error for the court to find appellant guilty without first announcing whether it would follow the negotiated plea agreement."); ***State v. Villarreal***, 418 S.W.3d 920, 923 n.1 (Tex. App.—Austin 2013, no pet.) (trial court conditionally accepted guilty plea when signed plea papers, scheduled a later punishment hearing, ordered pre-sentence investigation report).

Appellant argues that when the trial court accepted the guilty plea to aggravated assault with a deadly weapon, it necessarily accepted the plea agreement; therefore, the State could not rescind its consent to the jury waiver. However, the trial court only accepted the plea, did not make any finding on it, and did not accept or reject the plea agreement. *See **Ortiz***, 933 S.W.2d at 104. Essentially, the trial court accepted the plea conditionally while deferring a final decision until the sentencing hearing. It did not adjudicate guilt or accept the plea agreement. Because the trial court never accepted the plea agreement, the contract of the plea agreement was never binding on the parties. ***Id.*** Therefore, the trial court did not err in not enforcing the open plea on the aggravated assault with a deadly weapon charge. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

no promises from the State. However, because we determine that any plea agreement was not accepted by the trial court, we need not address the State's argument. *See* TEX. R. APP. P. 47.1.

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00200-CR**

**JUAN CARLOS MARTINEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1887-22)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*