# NO. 12-16-00082-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMIE HALLMARK,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jamie Hallmark appeals her conviction for hindering apprehension or prosecution, for which she was sentenced to imprisonment for ten years. In two issues, Appellant argues that (1) the trial court erred in not setting aside her "guilty" plea and waiver of her constitutional and statutory rights when it did not follow the plea bargain agreement and (2) her sentence amounted to cruel and unusual punishment. We reverse and remand.

## BACKGROUND

Appellant was charged by indictment with hindering apprehension or prosecution. Appellant entered into a plea bargain agreement with the State. At the hearing on Appellant's plea conducted on December 3, 2015, the trial court discussed the terms of Appellant's plea agreement with her as follows:

> THE COURT: Ms. Hallmark, let me tell you what the agreement is that you have agreed to, and you tell me whether that's what you signed up for, okay[?]
>
> Your case is set a week from Monday, for jury trial, and today was the trial announcement, where you had to commit to what you want to do, and your lawyer and the D.A. said that y'all had worked a deal out and that you wanted to plead guilty[,] but be sentenced in January.

And I said that I would do it on two things: One, you would have to waive a jury, so I could take it off the jury docket for later in the month; and that if you came at the time you were supposed to, then I would follow the plea bargain out.

If you did not come, and chose not to show, then you would be looking at the full range of punishment on the third-degree felony, and I would assess your range of punishment, and the plea would be off. So if you do your part, you get your deal. If you don't, then I decide what you get, no jury.

Is that what you believed you signed up for?

THE DEFENDANT: Yes, ma'am.

. . . .

THE COURT: Do you understand I can follow your plea bargain or reject it?

THE DEFENDANT: Yes, ma'am.

. . . .

THE COURT: And if I do not go along with your agreement, I will allow you to withdraw your plea, I will set your case for trial, and anything you said today could never be used against you at court in the future. Do you understand those things?

THE DEFENDANT: Yes, ma'am.

. . . .

[Appellant pleads "guilty."]

. . . .

THE COURT: The plea that you signed up for is: three years, with credit from December 12th, 2014, to December 31st, 2014; a $300 fine; the conditions relating to you show up, you get the three, if not, you are looking at the full range; and I would sentence you to that time January 21st, 2016, at nine o'clock in the morning.

Is that the agreement that you made?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is there anything about the agreement that you do not understand?

THE DEFENDANT: No, ma'am.

THE COURT: On your plea, and the evidence introduced, I find there's sufficient evidence to find you guilty. I find you guilty of the offense of hindering apprehension in Cause No. 15CR-064.

I will assess your punishment on January 21st, 2016, at nine o'clock, to three years on the condition you are here. If you are not here, then I will assess the punishment within the range.

2

A written memorandum of the plea bargain agreement dated that same day set forth that (1) the range of punishment for a third degree felony is two to ten years, (2) Appellant's sentence would be three years, (3) and under "Other Conditions," sentencing would take place on January 21, 2016, and "if [Appellant] does not show[,] Judge will sentence within range of punishment."

On January 21, 2016, Appellant did not appear at the punishment hearing. On March 17, 2016, the trial court conducted a punishment hearing with Appellant present. Prior to assessing Appellant's punishment, the trial court stated as follows:

> THE COURT: Ms. Hallmark, pursuant to your plea bargain, you were supposed to be here January 21st, 2016, at nine o'clock. That was set from December 3rd, 2015. On January 21st, 2016, were you incarcerated in any penal institution?
>
> MR. CURLEY: She was not, Your Honor.
>
> THE COURT: Was she admitted to any hospital on January 21st, 2016?
>
> MR. CURLEY: No, Your Honor.
>
> THE COURT: Was there any legal justification that prohibited her from attending the Court hearing on January 21st, 2016?
>
> MR. CURLEY: Judge, we have none to offer.
>
> THE COURT: Ms. Hallmark, I am not following the plea bargain. You weren't here, so I am not -- you are not getting three years.

Ultimately, the trial court sentenced Appellant to imprisonment for ten years. Appellant objected to the sentence, arguing that (1) it amounted to cruel and unusual punishment and (2) it rendered Appellant's waivers of rights and plea of "guilty" involuntary. The trial court overruled Appellant's objections, and this appeal followed.

### FAILURE TO PERMIT WITHDRAWAL OF GUILTY PLEA

In her second issue, Appellant argues that the trial court erred in not setting aside her "guilty" plea and waiver of her constitutional and statutory rights when it did not follow the plea agreement.

**Standard of Review and Governing Law**

We review a trial court's refusal to permit the withdrawal of a "guilty" plea for an abuse of discretion. *See **Holland v. State***, 112 S.W.3d 251, 255 (Tex. App.–Austin 2003, no pet.).

3

Prior to accepting a plea of guilty, the court shall admonish the defendant of the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2016). The court shall inquire as to the existence of a plea bargain agreement between the state and the defendant and, if an agreement exists, the court shall inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea. *Id.* Should the court reject the agreement, the defendant shall be permitted to withdraw the defendant's plea of guilty. *Id.*

Plea bargains are an integral part of the criminal justice system. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009); *see Gutierrez v. State*, 108 S.W.3d 304, 306 (Tex. Crim. App. 2003); *see also Brady v. United States*, 397 U.S. 742, 752 n.10, 90 S. Ct. 1463, 1471 n.10, 25 L. Ed. 2d 747 (1970). At its core, a plea bargain is a contract between the state and the defendant. *Moore*, 295 S.W.3d at 331. As a contract, once both parties have entered knowingly and voluntarily into a plea bargain, they are bound by the terms of that agreement once it is accepted by the judge. *Id.* Plea agreements may contain a wide variety of stipulations and conditions that allow the state to tailor conditions in order to reach agreement with the defendant. *Id.* at 331–32.

The only proper role of the trial court in the plea bargain process is advising the defendant whether it will "follow or reject" the bargain between the state and the defendant. *Id.* at 332 (citing TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2)). If the trial court accepts a plea bargain agreement, the state may not withdraw its offer. *Bitterman v. State*, 180 S.W.3d 139, 142 (Tex. Crim. App. 2005). If the trial court rejects the plea bargain agreement, the defendant is, as a matter of right, allowed to withdraw his guilty plea, and the state may then withdraw its offer. *Moore*, 295 S.W.3d at 332 (citing TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2)).

Only the state may offer or withdraw a plea bargain. *Moore*, 295 S.W.3d at 332. Because a plea bargain agreement is solely between the state and the defendant, only the state and the defendant may alter the terms of the agreement; the trial court commits error if it unilaterally adds unnegotiated terms to a plea bargain agreement. *Id.* (citing *Papillion v. State*, 908 S.W.2d 621, 624 (Tex. App.–Beaumont 1995, no pet.)) (holding that error occurred "when [the trial court] inserted additional, non-negotiated terms into the negotiated plea bargain between the State and appellant, and then made acceptance or rejection of said plea bargain contingent on whether or not appellant complied with said additional, non-negotiated terms").

However, a trial court may conditionally agree to follow a plea bargain agreement, but only by delaying the unconditional acceptance or rejection of the agreement until after the condition of acceptance has been fulfilled. *Moore*, 295 S.W.3d at 332; *see Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996). If, after a conditional acceptance of a plea bargain, the trial court rejects the plea bargain agreement, the court still must allow the defendant the opportunity to withdraw his guilty plea. *See Moore*, 295 S.W.3d at 332.

## Analysis

In the instant case, the additional condition that Appellant appear for sentencing or be subjected to the entire range of punishment appears in the memorandum of the plea bargain agreement. However, the trial court's statements at the plea hearing indicate that such a condition did not exist until the plea bargain agreement was presented to the trial court, at which point the trial court added the additional condition. Moreover, the trial court specifically stated to Appellant that if she did not appear at the sentencing hearing "the plea would be off." Indeed, before imposing Appellant's sentence, the trial court stated to Appellant that it was "not following the plea bargain." The court previously had admonished Appellant that if it rejected the plea bargain agreement, she would be permitted to withdraw her plea. The court never stated to Appellant that her right to withdraw her plea was among the rights she would waive by pleading "guilty." Therefore, we hold that because the trial court rejected the plea agreement,[1] it abused its discretion by overruling Appellant's objection and declining to permit her to withdraw her "guilty" plea.

## Harm Analysis

A violation of Article 26.13 is nonconstitutional error subject to harm analysis pursuant to Texas Rule of Appellant Procedure 44.2(b). *See Holland*, 112 S.W.3d at 256; *see* also *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); *see also* TEX. R. APP. P. 44.2(b). Thus, the error is harmful only if it affected Appellant's substantial rights. *See Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). In considering the error's potential to harm, the focus is not on whether the outcome of the trial was proper despite the error, but whether the error had a substantial or injurious effect or influence on the verdict. *See id.* at 93–94. A conviction must be reversed for nonconstitutional error if the reviewing court has

---

[1] Even if we were to construe the trial court's comments at the plea hearing as a conditional acceptance of Appellant's plea, the fact remains that the trial court did not permit Appellant to withdraw her "guilty" plea.

grave doubt that the result of the trial was free from the substantial effect of the error. *Id.* at 94. "Grave doubt" means that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.* "In cases of grave doubt as to harmlessness the petitioner must win." *Id.*

In the instant case, after Appellant's statutory right to withdraw her "guilty" plea was denied, she was assessed the maximum allowable punishment by the court, rather than having her case tried to a jury. The sentence assessed by the court greatly exceeded the sentence to which she had agreed before pleading "guilty." The court imposed this sentence despite admonishing Appellant that if it rejected the plea bargain agreement, her case would be set for trial and nothing she said would be used against her. Based on our review of the record as a whole, we have grave doubt that the result of the trial was free from the substantial effect of the error. Therefore, we conclude that Appellant's substantial rights were violated when the trial court refused to let her withdraw her "guilty" plea. *See* **Holland**, 112 S.W.3d at 256; *see also* TEX. R. APP. P. 44.2(b). Appellant's second issue is sustained.[2]

### DISPOSITION

Having sustained Appellant's second issue, we *reverse* the trial court's judgment and *remand* the matter to the trial court for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Because we have sustained Appellant's second issue, we do not address her first issue concerning whether her sentence amounted to cruel and unusual punishment. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2016**

**NO. 12-16-00082-CR**

**JAMIE HALLMARK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 15CR-064)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley,*